**WALTON et al. v. GLENS FALLS INDEMNITY CO.**

No. 13374.

United States Court of Appeals
Fifth Circuit.

Oct. 31, 1951.

Leonard Farkas, W. H. Burt, Albany, Ga., for appellants.

C. Baxter Jones, Macon, Ga., for appellee.

Before SIBLEY, RUSSELL and RIVES, Circuit Judges.

RIVES, Circuit Judge.

This appeal is from a summary judgment entered upon motion of the defendant, appellee.

In an earlier suit in a Georgia state court, Mrs. Sarah Ellen Arnold had sought to recover damages from Walton et al., as constituting the Crisp County Power Commission, for the alleged negligent homicide of her son. In that case the Glens Falls Indemnity Company, appellee here, by amendment was sought to be made a party defendant, and the amendment was allowed subject to demurrer. The lower court then sustained a demurrer to and dismissed the petition as amended, and on appeal that judgment was affirmed. Arnold v. Walton, 205 Ga. 606, 54 S.E.2d 424, 429. The suit was held in effect to be one against Crisp County, and under Georgia law a county was not liable to suit for such a cause of action.

The Glens Falls Indemnity Company had issued to the Crisp County Power Commission a liability insurance contract containing the following provision: "It is hereby agreed that the company will not, in case of loss or damage arising under this policy during the term thereof, claim exemption from liability to the named assured because of any statute, ordinance or other legal restrictions whereby the named assured for reason of its being a municipal corporation may be legally exempt from liability for damages, and that in all cases of loss or damage, settlement shall be made as herein provided, the same as though the named assured was a private corporation."

Under its contract of insurance, the Glens Falls Indemnity Company took charge of and had exclusive control over the defense of the suit in the state court. It successfully maintained the position that the suit was one against the county and that the county was not subject to suit. It claims that in presenting that defense, it acted at the request of its insured, the Crisp County Power Commission.

An amendment to the petition in the state court alleged that the insurance company was furnishing counsel and defending the suit, and in view of the provisions of the contract of insurance was estopped from pleading the county's immunity to suit.

The Georgia Supreme Court made certain procedural holdings to the effect that joinder of a tort feasor and an insurance company in one action was unauthorized and that suit could not be brought directly against the insurance company. The Court further held that "the petition as amended stated no cause of action against any of the defendants". Speaking to the claimed duty of the Glens Falls Indemnity Company to Mrs. Arnold, the Georgia Supreme Court said:

"It is insisted that (1) this contract is one not merely of indemnity but one obligating the insurance company to pay liabilities; (2) that the contract is one made for the general public and the plaintiff's son was a beneficiary under the contract; and (3) that by the last-quoted provision of the insurance contract, the insurer estopped itself from asserting the immunity of the county to suit.

"We have examined the contract thoroughly. It appears to be an ordinary liability insurance contract, under the express terms of which the insurance company is not subject to suit until after a judgment has been obtained against the insured, or a settlement agreement reached, and the liability of the insured thus established.

There is nothing in the contract, unless it be the last-quoted provision, purporting to give to an injured person any greater right or privilege of joining a tort-feasor and the insurance carrier in the same action than is enjoyed by litigants generally in actions against tort-feasors; and it is such a well-established policy of the law that such joint actions can not be maintained, with the exceptions presently noted, that citation of authority is deemed unnecessary.

"We can not agree with the contention of the plaintiff in error to the effect that, in view of the last-quoted provision of the contract, the contract was one entered into for the purpose of protecting the public, including the plaintiff's son, and for this reason the plaintiff has a legal and equitable interest in the performance of the contract. By its express terms the contract is one made between the insurance company and the assured, and it expressly provides that the insurance company agrees that it 'will not, in case of loss or damage arising under this policy during the term thereof, claim exemption from liability to the named assured because of any statute,' etc. There is nothing in this provision conferring any benefits upon the public; and we think, there is nothing in this provision which estops the insurance company, as against the plaintiff in this litigation, from raising the question of the immunity of the county to suit. If a judgment were once obtained against the county, or if a settlement were made under the terms of the contract, the provision, as between the county and the insurance company, might become operative; but we think no estoppel can arise against the insurance company as against the present plaintiff by reason of this clause of the contract. Nor would the fact that the insurance company furnished counsel to defend the suit, as it was obligated to do under the express provisions of the contract, work any estoppel against the insurer."

Mrs. Arnold is the usee plaintiff in the present case before this court. She claims authority of law to bring this suit in the names of the members of the Crisp County Power Commission without their permission. She proceeds directly against the insurance company on its contract with the Commission, contending that the insurance company breached its contract by pleading that the real party defendant in the state court case was Crisp County, and by pleading the immunity of the County from suit, and further that by so violating its contract the insurance company wrongfully prevented Mrs. Arnold from having her rights properly litigated and determined in the state court, and thereby damaged her in the sum of $25,000.00, the amount which she alleges she would have recovered in that suit.

The defendant insurance company raises no objection under Rule 17(a), Federal Rules of Civil Procedure, 28 U.S.C.A., or otherwise as to parties plaintiff but instead pleads along with other defenses that the complaint fails to state a claim upon which relief can be granted.

This case involves an alleged contract right which is determinable according to Georgia law within the rule of Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

We cannot believe that the Georgia courts would have allowed a legal wrong to be committed in the very case pending before them, and thereby have rendered necessary a second and more speculative suit to recover damages for the commission of that wrong. On the contrary it seems to us that the Georgia Supreme Court did not write mere *obiter dicta,* but clearly and directly decided that the insurance company owed no duty to Mrs. Arnold not to plead its insured's immunity to suit. It follows that in this case the summary judgment for the defendant was properly rendered.

Affirmed.