**Marie OLSON, Administratrix of Estate of John J. Olson, Deceased, as substituted Plaintiff for John J. Olson, now Deceased,**

v.

**SHINNIHON KISEN K.K.**

**Civ. A. No. 23323.**

United States District Court
E. D. Pennsylvania.

March 2, 1960.

Abraham E. Freedman, Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiff.

Thomas F. Mount, Rawle & Henderson, Philadelphia, Pa., for defendant.

CLARY, District Judge.

This case is presently before the Court by virtue of an Order of the Calendar Judge, dated February 16, 1960, ordering the above action stricken from the Trial List and referring it back to the undersigned, the Pre-Trial Judge, for further Pre-Trial Hearing and Order in conformity with facts and circumstances which might be developed at the further pre-trial. A brief review of prior proceedings in the case is necessary to put the present problem in proper focus.

On the 15th day of September, 1957, John J. Olson, a longshoreman, suffered

extremely serious burns while aboard the S.S. Kisoharu Maru, a vessel owned and operated by the defendant, and moored at Pier 55, South Wharves, in the Port of Philadelphia. In attempting to open an insulated reefer silk locker 'tween deck, Olson started to strip off newspaper with which it was sealed and a tremendous explosion took place followed by a flash fire. Olson was immediately taken to the Pennsylvania Hospital in Philadelphia where, after 11 days of severe suffering, his death resulted from the injuries he sustained in the explosion. However, in his lifetime, on September 23, 1957, the present suit was instituted. In due course, because of the death of Olson, his wife was substituted as Administratrix. An amended complaint was filed and answer made thereto. Interrogatories were filed by the plaintiff which were duly answered. A motion made to produce documents on behalf of the plaintiff was allowed and plaintiff's requests for admission have been duly answered.

The case was listed on the Pre-Trial List of this Court and on February 20, 1959 plaintiff's pre-trial memorandum was filed in accordance with the Standing Order of this Court governing pre-trials, adopted October 23, 1958. Defendant's pre-trial memorandum was filed on March 24, 1959, and the cause came on for pre-trial hearing on the 23rd day of September, 1959. At that hearing both sides agreed that discovery was complete, except for certain hospital records which would be furnished to the defendant by the plaintiff. Rulings on the admissibility of evidence were requested and the Pre-trial Judge ruled that, despite defendant's objection to the introduction of the wife and children of the deceased to the jury, (in view of this case being started in the lifetime of the decedent) such evidence and exposition of the family to the jury would be permitted at trial. The Pre-trial Judge reserved to the Trial Judge the question of whether certain photographs of the deceased, taken after death, which were objected to by the defendant, might properly be submitted to the jury. The case in this posture, after the entry of the Pre-trial Order on September 24, 1959, was ready for trial.

In plaintiff's pre-trial memorandum filed pursuant to the Pre-trial Standing Order of the Court, plaintiff made a calculation, pursuant to the terms of the Order, of the recoverable items of damage. Nowhere was there any mention of any item of punitive damages, nor did plaintiff assert as a basis of damages the right to recover punitive damages.

The subsequent chronology of the case is as follows: The case was listed in the deferred pool for the jury term commencing February 15, 1960 and was scheduled to go in the ready pool on or about February 16, 1960. However, several days prior to that date (it was stated at pretrial to be about Wednesday of the preceding week), counsel for the plaintiff first asserted a right to recover, in addition to compensatory damages, punitive damages. This right was challenged by the defendant and on the basis of plaintiff's counsel's assertion that he intended at trial to claim punitive damages, defendant filed a motion for continuance in which he admitted liability for compensatory damages, but stated that he had had no discovery on the question of exemplary damages and could not go to trial without such further discovery. The Calendar Judge, as aforesaid, then entered the Order previously summarized. At the further pre-trial hearing held March 1, 1960, plaintiff's counsel filed a supplemental pre-trial memorandum which for the first time asserted as a basis of recovery many specifications of negligence not set forth in the complaint and in his basis of damages and calculations thereon included a claim for punitive damages. Plaintiff's counsel moved the Court for permission to amend the complaint to specify the items of negligence set forth in the supplemental pretrial memorandum and not included in the complaint as well as to assert a claim

for punitive damages. This motion was strongly resisted by defendant's counsel but with the proviso that, should the Court grant the motion, he be allowed a further continuance of the case to permit him to have further discovery on the question of exemplary damages.

The Court has been referred to seven (7) cases by plaintiff's counsel which he asserts support his contention that he is entitled to claim punitive damages. All of these cases have been reviewed by the Court but not one of them touches upon the problem presently before the Court, which is in substance the integrity of the pre-trial procedures of this court. At no time up until February 10th of 1960 had plaintiff's counsel asserted any claim for punitive damages and then only after it had been stated to him, or at least clearly intimated, that defendant did not intend to contest liability did plaintiff assert such a claim. At the original pre-trial hearing plaintiff was fully apprised of all of the facts presently in his possession. Consequently, we are not met with a situation where a pre-trial order previously entered should be altered to prevent manifest injustice. The Pre-trial Order entered makes no reference to any claim for punitive damages and, in the opinion of the Court, it would prostitute our pre-trial procedures if after pre-trial and the issues have been settled, the plaintiff could then assert a further claim not in contemplation by either party or the Court at the time the pre-trial order was entered.

██ It might well be that plaintiff's present request could be denied under Rule 9(g) of the Federal Rules of Civil Procedure, 28 U.S.C.A. Moreover reported cases which consider questions analogous to the present one do not support the plaintiff's position; see Hentley v. Atlantic Coast Line R. Co., 5 Cir., 1955, 224 F.2d 929; Montgomery Ward & Co. v. Northern Pacific, D.C.1954, 17 F.R.D. 52; Clark v. United States, D.C. 1952, 13 F.R.D. 342. However, the Court rests its decision basically upon the proposition that once the issues are settled in pre-trial proceedings and by a pre-trial order, the case shall go to trial on the issues there determined, except of course to prevent manifest injustice, not here present. Particularly is this true in this case where the calculation for punitive damages now claimed by the plaintiff is a relatively small percentage of the compensatory damages claimed, which total upward of a million dollars.

Plaintiff's motion to amend the complaint and defendant's motion for continuance will both be denied. The case will be ordered upon the next Jury Trial List to be tried only upon the question of compensatory damages as set forth in the accompanying order.