Wilfred C. ROMPE, Jr., et al.

v.

Arthur YABLON.

No. 63 Civ. 703.

United States District Court
S. D. New York.

Nov. 22, 1967.

Andrew A. Gore, New York City, for plaintiffs.

Cymrot, Wolin & Simon, New York City, for defendant; John Collins, of counsel.

## OPINION

LEVET, District Judge.

This court, sua sponte, raised the question of subject-matter jurisdiction and defendant moved to dismiss the complaints of plaintiffs Wilfred C. Rompe, Jr. and Donald Rompe upon the ground that jurisdiction under Section 1332(a) of Title 28 U.S.C.A. is not here present.

The three plaintiffs in a complaint filed in this court on March 13, 1963 each sep-arately sued for personal injuries. The plaintiff Wilfred C. Rompe, Jr., sued in addition for property damage to his automobile.

On July 5, 1966, a pretrial order was entered to which both plaintiffs' attorney and defendant's attorney consented in writing. With reference to the claims of Donald Rompe and Wilfred C. Rompe, Jr., paragraph 7 is as follows:

"7. The following are all of the claims for damages or for the other relief asserted by the plaintiffs in this action, as of the date of this conference

\* \* \* \* \* \*

### ON BEHALF OF DONALD ROMPE

Wages lost during the period May 7, 1960 to August, 1960:..$1,000.00

Physician's services and medical supplies, approximately, ..$ 200.00

Pain and suffering ................................$5,000.00

### ON BEHALF OF WILFRED C. ROMPE

Physician's services and medical supplies, approximately ...$ 35.00

Property damages, approximately ......................$ 140.00"

By the said pretrial order it appears that the total damages claimed by Donald Rompe are $6,200 and that the total claim of Wilfred C. Rompe, Jr., is $175.

At a hearing before this court on November 6, 1967, counsel for plaintiff Donald Rompe conceded that the sum of $5,000 claimed for pain and suffering would be fair and reasonable under all of the circumstances (SM 8). No claim was asserted for any further treatment or medical expense, nor was any motion made to amend the pretrial order.

Rule 16 of the Federal Rules of Civil Procedure in its pertinent part provides as follows:

"The court shall make an order \* \* which limits the issues for trial to those not disposed of by admissions or agreements of counsel; and such order when entered controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice. \* \* \*"

"The pre-trial order supersedes the pleadings and becomes the governing pattern of the lawsuit." Murrah, Chief Judge, in Case v. Abrams, 352 F.2d 193, 195 (10th Cir. 1965).

Where the pretrial order contains agreement upon the extent of damages, it is controlling over any assertion in the pleadings. Olson v. Shinnihon Kisen K. K., 25 F.R.D. 7 (E.D.Pa.1950); Montgomery Ward & Co. v. Northern Pacific Term. Co., 17 F.R.D. 52 (D.C.Oregon 1954).

Rule 20 of the Federal Rules of Civil Procedure, providing for permissive joinder of plaintiffs in certain cases, does not support the claim of jurisdiction here of plaintiff Wilfred C. Rompe, Jr., or plaintiff Donald Rompe. See Smith v. Abbate, 201 F.Supp. 105 (S.D.N.Y.1961). " \* \* \* joinder of parties and causes of action under the Federal Rules is permissive only where the court has jurisdiction based upon a federal question or

upon diversity of citizenship and requisite jurisdictional amount. * * *" Geisert v. Corriveau, 140 F.Supp. 29, 31 (E.D.Michigan 1956).

■■ Counsel for plaintiffs has an erroneous impression that the plaintiffs, having allegedly been injured in the same accident, may, in a case in which defendant is of diverse citizenship to plaintiffs, sue in a federal district court, irrespective of the fact that certain plaintiffs do not assert a claim in excess of $10,000. However, aggregation of claims for jurisdictional purposes is improper. Each plaintiff's claim must reach the jurisdictional amount. See, generally, 1 Moore's Federal Practice par. 0.97(3) (2nd ed. 1961); Hackner v. Guaranty Trust Co., 117 F.2d 95 (2nd Cir.), cert. denied, 313 U.S. 559, 61 S.Ct. 835, 85 L.Ed. 1520 (1941); Arnold v. Troccoli, 60 Civ. 3808 (S.D.N.Y. May 25, 1964), affirmed, 344 F.2d 842, 843, footnote 1 (2nd Cir. 1965).

■■ The basic principles affecting this case are well enumerated in Sturgeon v. Great Lakes Steel Corporation, 143 F.2d 819 (6th Cir.), cert. denied, 323 U.S. 779, 65 S.Ct. 190, 89 L.Ed. 622 (1944), where Hamilton, C. J., wrote as follows:

"It is the policy of the Congress to force litigants, citizens of different states, to settle their disputes in state courts, unless the matter in controversy exceeds the sum or value of $3,000. Healy v. Ratta, 292 U.S. 263, 54 S.Ct. 700, 78 L.Ed. 1248. In order to support the court's jurisdiction in diversity of citizenship actions, facts must appear in the record showing to a legal certainty that the requisite jurisdictional amount is involved.

"The rule is thoroughly settled that where two or more plaintiffs have separate and distinct demands in a single suit, it is essential that the demand of each be of the requisite jurisdictional amount, but when several plaintiffs unite to enforce a single title or right in which they have a common, undivided interest, it is enough if their interests collectively equal the jurisdictional amount. Gibson v. Shufeldt, 122 U.S. 27, 7 S.Ct. 1066, 30 L.Ed. 1083; Clay v. Field, 138 U.S. 464, 479, 11 S.Ct. 419, 34 L.Ed. 1044; Troy Bank [of Troy, Ind.] v. Whitehead, 222 U.S. 39, 32 S.Ct. 9, 56 L.Ed. 81." (p. 821)

Compare Fechheimer Bros. Co. v. Barnwasser, 146 F.2d 974, 976 (6th Cir. 1945).

The Second Circuit has clearly enunciated the rule applicable to this case: Hackner v. Guaranty Trust Co. of New York, 117 F.2d 95, 97 (2nd Cir. 1941) and Arnold v. Troccoli, 344 F.2d 842, 843, footnote 1 (2nd Cir. 1965). In Hackner, supra, Clark, C. J., wrote:

"It is well settled that when two or more plaintiffs, each having a separate and distinct demand, join in a single suit, the demand of each must be of the requisite jurisdictional amount. Pinel v. Pinel, 240 U.S. 594, 36 S.Ct. 416, 60 L.Ed. 817. Aggregation to make up the jurisdictional amount is permitted only when the claims are of a joint nature, as when it is sought to enforce a single title in which the plaintiffs have a common interest. Shields v. Thomas, 17 How. 3, 58 U.S. 3, 15 L.Ed. 93; Troy Bank [of Troy, Ind.] v. G. A. Whitehead & Co., 222 U.S. 39, 32 S.Ct. 9, 56 L.Ed. 81. * * *" (117 F.2d p. 97)

See also Thomson v. Gaskill, 315 U.S. 442, 447, 62 S.Ct. 673, 86 L.Ed. 951.

The plaintiffs rely upon Johns-Manville Sales Corp. v. Chicago Title & Trust Co., 261 F.Supp. 905, 906 (N.D.Ill.1966). I call the attention of plaintiffs' counsel to the fact that this opinion states that the weight of authority appears to hold "that although joinder of party-plaintiffs might well be proper under the Rules of Civil Procedure, such a joinder does not *per se* satisfy statutory jurisdictional requirements," citing certain cases (p. 907). The court also wrote: "Further, it is well settled that multiple plaintiffs

cannot aggregate damage claims to satisfy the jurisdictional amount. Thomson v. Gaskill, 315 U.S. 442, 62 S.Ct. 673, 86 L. Ed. 951." (p. 907) The court also conceded: "I realize both the gloss of novelty and lack of precedent in my ruling." (p. 908)

Although the Illinois District Court denied the defendant's motion to dismiss because of lack of jurisdiction, it is impossible to reconcile this decision with the determinations of the Second Circuit in Arnold v. Troccoli, supra, and Hackner v. Guaranty Trust Co. of New York, 117 F.2d 95 (2nd Cir.), cert denied, 313 U.S. 559, 61 S.Ct. 835, 85 L.Ed. 1520 (1941).

To adopt the principle of the Illinois decision would fly squarely in the face of the following: (1) That the plaintiff must show the jurisdictional basis for an action in the federal court; (2) That jurisdiction must be based upon statutes, not upon rules (see Rule 83 of the Federal Rules of Civil Procedure). To follow the novel and unprecedented doctrine of the Illinois case, a group of, let us say, forty bus passengers injured in the same accident could, if one plaintiff properly alleges damages in excess of $10,000, all sue in a federal district court on a diversity basis no matter how minor the injuries of the thirty-nine others might be. The restrictive character of federal jurisdiction is clear. No federal purpose is served merely to save state courts from possible duplicitous litigation. If Congress wishes to alter the statutes, that is solely its own province. It is not within the province of the Judiciary.

I am, therefore, forced to grant these motions dismissing the causes of action of the two above-mentioned plaintiffs, with costs to be determined. This court consequently directs entry of judgment in favor of defendant as against both of said plaintiffs, Wilfred C. Rompe, Jr. and Donald Rompe, and expressly determines that there is no just reason for delay in the entry of said judgment.

So ordered.