**HYLTE BRUKS AKTIEBOLAG and Nymolla, AB, Plaintiffs,**

v.

**The BABCOCK & WILCOX COMPANY, Defendant.**

**No. 68 Civ. 3462.**

United States District Court
S. D. New York.
May 14, 1969.

---

See also, D.C., 45 F.R.D. 357.

White & Case, New York City, for plaintiffs; John M. Johnston, Jeffrey A. Barist, New York City, of counsel.

Walsh & Frisch, New York City, for defendant; E. Roger Frisch, Eric M. Dreyfus, New York City, of counsel.

## OPINION

COOPER, District Judge.

Plaintiffs Hylte Bruks Aktiebolag (Hylte Bruks) and Nymolla move pursuant to Rule 12(b) (1), F.R.Civ.P., to dismiss plaintiff Hylte Bruks' claims against defendant Babcock & Wilcox Co. (B & W) for lack of jurisdiction over the subject matter. Alternatively, plaintiffs seek pursuant to Rule 41(a) (2), F.R.Civ. P., an order permitting them to voluntarily dismiss without condition Hylte Bruks' claims.

Defendant, on the other hand, opposes dismissal for want of jurisdiction. Additionally, while not opposing voluntary dismissal, it urges that such dismissal be conditioned upon (1) payment by Hylte Bruks of defendant's reasonable expenses including attorney's fees; (2) agreement by Hylte Bruks to certain guarantees regarding discovery sought by defendant; [1] and (3) acceptance by Hylte Bruks of a procedure to insure the continuation of defendant's counterclaim against both Nymolla and Hylte Bruks.

Plaintiffs consent to the continuation of the counterclaim against them both.[2] However, plaintiffs resist B & W's other two proposed conditions on the ground that (1) a dismissal for want of jurisdiction may not be conditioned by the Court and (2) even if the Court should find subject matter jurisdiction present, this is not an appropriate case for imposing conditions upon the allowance of a voluntary dismissal.

\* \* \*

In 1959, Hylte Bruks, a Swedish corporation, entered into two agreements with B & W relating to a proposed pulp mill to be constructed in Ivetofta, Sweden. The first agreement was for the sale of certain equipment to be designed, manufactured and installed by B & W. This agreement contains an arbitration clause and by its terms is non-assignable. The second agreement was a license in which B & W agreed to furnish certain "know-how" for the running of the pulp mill. The license agreement contains no arbitration clause and permits assignment.

1. Inasmuch as Hylte Bruks will continue in this lawsuit as a party defendant to the counterclaim, it would appear that the sanctions and procedures available against Hylte Bruks are unaffected by its dismissal as a party plaintiff and that its officers or managing agents remain subject to the rules governing officers or managing agents of a party.

2. Hylte Bruks has consented to accept service through its attorneys of a complaint by B & W in which the claims presently set forth in B & W's counterclaim against Hylte Bruks are reasserted, and to consolidate the new action with the present action since an existing counterclaim based on the same facts and actions is asserted against Nymolla. Despite this, we note in passing that if Hylte Bruks' claims are dismissed for want of jurisdiction, B & W's counterclaims against Nymolla and Hylte Bruks may be in need of an independent jurisdictional basis (jurisdictional amount) for B & W's counterclaim against Nymolla and Hylte Bruks may be deemed permissive and not compulsory. See Wright, Federal Courts §§ 37 and 79 (1963).

Subsequent to the execution of these two contracts, Hylte Bruks formed Nymolla as a wholly-owned subsidiary corporation, to which, in due course, it transferred the mill in Ivetofta, including the equipment manufactured and installed by B & W. Hylte Bruks payment for this transfer to Nymolla came by means of selling 60% of Nymolla's stock to the public and retaining the other 40%. Additionally, the license agreement between B & W and Hylte Bruks was assigned to Nymolla. Following these transactions, and when Nymolla sought to go into production, plaintiffs allege Nymolla suffered injury and damages because the equipment B & W installed was defective and B & W did not have and misrepresented the "know-how" it purported to sell.

On April 19, 1967, after unsuccessful efforts to adjust differences, arbitration of the equipment contract was demanded by Hylte Bruks and Nymolla against B & W. B & W objected thereto contending that Nymolla was not a party to the equipment contract, the sole contract in which B & W had agreed to arbitrate, and that Nymolla lacked standing to participate in the arbitration as a party claimant on its own behalf. Plaintiffs, on October 24, 1967, consented to a stay of the arbitration proceeding so long as Nymolla remained a party.

On October 17, 1967 (a week prior), Nymolla alone instituted a civil action in this Court, in which Nymolla sought damages for breach of the equipment contract by B & W, arguing that Nymolla was a third party beneficiary thereof. Judge Metzner dismissed that suit on the ground that Nymolla was not a party or a third party beneficiary on the equipment contract. 67 Civ. 4041 (S.D.N.Y. February 13, 1968). On appeal, the Court of Appeals affirmed, holding Nymolla not a proper party to either arbitrate or to sue as a third party beneficiary on the equipment contract. 399 F.2d 289 (2d Cir. 1968).

The Court of Appeals recognized Nymolla's dilemma:

"Even assuming that Nymolla could prove beyond question that B & W was at fault and that its losses were caused by that fault, Nymolla has found itself up against difficulties in suing for redress. On the one hand Nymolla is not itself in privity with B & W under the contract; and on the other hand, Hylte Bruks, which has such privity and would like to see Nymolla recover its losses, has not suffered the particular damage asserted." *Id.* at 294.

The Court of Appeals went on to note that the evidence suggested Nymolla as a purchaser may have a cause of action for breach of warranty against B & W, the manufacturer. *Id.* at 295.

Following the decision by the Court of Appeals, this action was instituted on August 28, 1968. An amended complaint was filed on September 26, 1968 setting forth three causes of action to which Hylte Bruks is a party:[2a]

(a) Hylte Bruks and Nymolla seek recovery for breach of the licensing agreement alleged to have resulted in injury and loss to Nymolla;

(b) Hylte Bruks seeks reformation of the equipment contract to provide that Nymolla is included therein as the direct beneficiary thereof;

(c) Hylte Bruks and Nymolla seek recovery for breach of implied warranty alleged to have resulted in injury and loss to Nymolla.

Although the only injuries claimed in the complaint are those to Nymolla, Hylte Bruks and Nymolla together demand judgment against B & W in the sum of $836,000 on causes of action (a) and (c).[3]

*Lack of Jurisdiction Over the Subject Matter*

The initial issue to be resolved is whether this Court has jurisdiction over Hylte Bruks' claims against B & W.

---

2a. Eight causes of action are alleged in the complaint. The five not set forth are brought by Nymolla alone.

3. Cause of action (b) seeks no damages.

■ Where two or more plaintiffs are suing a single defendant, the general rule is that the claims of each cannot be aggregated; the claims of each plaintiff must individually satisfy the jurisdictional amount. See Wright, Federal Courts § 29 (1963). The single exception to this rule is a suit "in which several plaintiffs, having a common undivided interest, unite to enforce a single title or right," when "it is enough if their interests collectively equal the jurisdictional amount." Troy Bank of Troy, Indiana v. G. A. Whitehead & Co., 222 U.S. 39, 40–41, 32 S.Ct. 9, 56 L.Ed. 81 (1911); Shields v. Thomas, 17 How. 3, 5, 15 L.Ed. 93 (1854); Gibbs v. Buck, 307 U.S. 66, 74–75, 59 S.Ct. 725, 83 L.Ed. 1111 (1939). Where, however, the matters in dispute are considered "separate and distinct" aggregation is not permitted. Thus, as stated in Thomson v. Gaskill, 315 U.S. 442, 447, 62 S.Ct. 673, 675, 86 L.Ed. 951 (1942):

> "Aggregation of plaintiffs' claims cannot be made merely because the claims are derived from a single instrument, Pinel v. Pinel, 240 U.S. 594, 36 S.Ct. 416, 60 L.Ed. 817, or because the plaintiffs have a community of interest, Clark v. Paul Gray, Inc., 306 U.S. 583, 59 S.Ct. 744, 83 L.Ed. 1001."

Here, plaintiffs Hylte Bruks and Nymolla are not suing to enforce an undivided or joint interest. See DeLorenzo v. Federal Deposit Insurance Corp., 259 F.Supp. 193 (S.D.N.Y.1966), opinion adhered to on reargument, 268 F.Supp. 378, 381 (1967). Although the claims to which Hylte Bruks is a party are derived from the same instrument[4] allegedly breached and from the same alleged breach of implied warranty, and although plaintiffs share a community of interest, there is no contention by any party

herein that the injuries claimed are not separate as to each plaintiff. See Aetna Insurance Co. v. Chicago, Rock Island & Pac. R. Co., 229 F.2d 584, 586 (10th Cir. 1956); Eagle Star Insurance Co. v. Maltes, 313 F.2d 778 (5th Cir. 1963). In fact, Hylte Bruks concedes, and defendant does not contest, that it sustained no injury and thus suffered no damages whatsoever from B & W's alleged breaches. The only injuries alleged were losses suffered by the pulp mill in Ivetofta, which mill was owned by Nymolla throughout its period of operations.[5] Despite the foregoing, Hylte Bruks in the two claims for damages to which it is a party joins with Nymolla in seeking total damages of $836,000 without further specification as to what amount is claimed by each.

■■ It is well settled that the mere allegation of damages over the jurisdictional minimum will not confer jurisdiction upon a federal court when plaintiffs are individually required to establish jurisdiction. Clark v. Paul Gray, Inc., 306 U.S. 583, 59 S.Ct. 744, 83 L.Ed. 1001 (1939). When a claim falls below the minimum required and aggregation is not permitted, dismissal for lack of jurisdiction is mandatory. Thomson v. Gaskill, *supra*.

■■ The rule, at least in this Circuit, forbidding aggregation of claims in the absence of a common, undivided interest is no less applicable and strictly enforced where one of the two plaintiffs' claims alone satisfies the jurisdictional amount. See Clark v. Paul Gray, Inc., *supra*; Hackner v. Guaranty Trust Co., 117 F.2d 95, 97–98 (2d Cir. 1941), cert. denied 313 U.S. 559, 61 S.Ct. 835, 85 L. Ed. 1520; Arnold v. Troccoli, 344 F.2d 842, 843 n. 1 (2d Cir. 1965); Rompe v.

---

4. Hylte Bruks seeks no damages as to the equipment contract, only reformation for the benefit of Nymolla.

5. The complete absence of any allegation of injuries to Hylte Bruks by itself does not defeat jurisdiction, for if aggregation or ancillary jurisdiction were appropriate, jurisdiction would be present and absence of any allegation of injuries might then be conceived of as merely a failure to state a claim upon which relief may be granted. However, this absence of claimed injuries does establish the absence of a joint interest between plaintiffs and, thus, the necessity for each plaintiff to individually meet the jurisdictional amount.

Yablon, 277 F.Supp. 662 (S.D.N.Y.1967); Aetna Insurance Co. v. Chicago, Rock Island & Pac. R. Co., *supra*; Eagle Star Insurance Co. v. Maltes, *supra*. But see, Johns-Manville Sales Corp. v. Chicago Title & Trust Co., 261 F.Supp. 905 (N.D. Ill.1966); Lucas v. Seagrave Corp., 277 F.Supp. 338 (D.Minn.1967). Strict construction of the grant of diversity jurisdiction is demanded. See Thomson v. Gaskill, *supra*.

■ Similarly, the majority of cases have either expressly or impliedly refused to apply ancillary jurisdiction to joinder of parties under Rule 20, F.R. Civ.P.; regardless of the close relationship of the matters, where only one party satisfied federal jurisdictional requirements, aggregation is not permitted. See Wright, Federal Courts § 9 at 19, § 29 at 103–104, § 71 at 266–267 (1963); 1 Barron & Holtzoff, Federal Practice and Procedure § 24 at 114–115 (Wright ed. 1960); Aetna Insurance Co. v. Chicago, Rock Island & Pac. R. Co., *supra*. See also, Clark v. Paul Gray, Inc., *supra*; Hackner v. Guaranty Trust Co., *supra*; Arnold v. Troccoli, *supra*; Rompe v. Yablon, *supra*. But see, Wilson v. American Chain & Cable Co., 364 F.2d 558, 564–565 (3d Cir. 1966); Johns-Manville Sales Corp. v. Chicago Title & Trust Co., *supra*; Lucas v. Seagrave Corp., *supra*; Dixon v. Northwestern Nat'l Bank, 276 F.Supp. 96, 102–103 (D.Minn.1967).

■ From the foregoing, it is apparent that the Hylte Bruks claims must independently satisfy the jurisdictional amount requirement if this Court is to have subject matter jurisdiction over them.[6] In St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288–290, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938) the United States Supreme Court held:

"[I]f, from the face of the pleadings, it is apparent to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed."

All parties having expressly conceded that Hylte Bruks suffered no injury whatsoever and that it therefore cannot and never could recover any damages, it is apparent to a "legal certainty that the claim is really for less than the jurisdictional amount." *Id*. See City of Boulder v. Snyder, 396 F.2d 853, 856 (10th Cir. 1968). Cf. Wade v. Rogala, 270 F.2d 280, 284–285 (3d Cir. 1959). Accordingly, dismissal for want of jurisdiction of Hylte Bruks' claims is required.

■ This is not an instance where the jurisdictional defect could be cured by amendment of the pleadings. Cf. Atwood v. National Bank of Lima, 115 F.2d 861 (6th Cir. 1940). Additionally, B & W's reliance upon the principle that events subsequent to the complaint cannot destroy jurisdiction is inapplicable since Hylte Bruks concededly lacked any injury from the start and is not performing an act for the purpose of destroying jurisdiction, such as amending the *ad damnum* clause to defeat removal of an action instituted in state court. See Eaddy v. Little, 234 F.Supp. 377, 378–379 (E.D.S.C.1964).

### Court May Tax Costs but not Impose Terms and Conditions

■ Having determined that this Court lacks jurisdiction over the subject matter of Hylte Bruks' claims, dismissal

---

6. In Clark v. Paul Gray, Inc., *supra*, 306 U.S. at 589–590, 59 S.Ct. at 748 the United States Supreme Court after holding that the amounts claimed by the several plaintiffs could not be aggregated to satisfy jurisdictional requirements found that the general allegations of the complaint, just as those involved herein, gave "no indication that the amount in controversy with respect to the claim of any single plaintiff exceeds the jurisdictional amount and are insufficient to show the district court had jurisdiction of the cause." The Supreme Court then went on to examine the record as to each plaintiff and to dismiss as to those who failed to show that the requisite amount was involved.

is mandatory and not dependent upon the motion of a party. A dismissal for want of subject matter jurisdiction may not be deemed pursuant to Rule 41(a) (2), F.R.Civ.P.[7] Rule 41(a) (2) is reserved for voluntary dismissals, the granting of which are within the discretion of the court.[8] Cf. 5 Moore, Federal Practice ¶ 41.05[1] (2d ed. 1968). Therefore, dismissal of plaintiff Hylte Bruks' claims may not be made contingent upon the fulfillment by Hylte Bruks of "such terms and conditions as the court deems proper." Rule 41(a) (2), F.R.Civ.P.

■ Rather, the Court is circumscribed by the narrower provisions of 28 U.S.C. § 1919:

"whenever any action or suit is dismissed for want of jurisdiction, such court may order the payment of just costs."

Proper construction of this statutory provision would appear to compel a rejection of any contention that simply because plaintiff has noticed his own lack of jurisdiction, "terms and conditions" may be ordered as well as costs. It would be anomalous to impose conditions (permitted in the case of voluntary dismissals of a discretionary nature) upon a party who moves to dismiss his

own action for lack of jurisdiction, since dismissal would be no less mandatory (yet wholly outside the range of Rule 41(a) (2) and the power of the court to order "terms and conditions") if the party remains silent or simply brings the jurisdictional defect to the court's attention.

■ Despite the fact that dismissal is for want of jurisdiction, this Court retains sufficient power over the party to permit the taxing of costs. See In Re Northern Indiana Oil Co., 192 F.2d 139, 141 (7th Cir. 1951). The only costs defendant alleges it has incurred in this action as a result of the presence herein of Hylte Bruks are attorney's fees, defendant having proceeded no further than the making of a motion for a more definite statement (which motion was denied by Judge Pollack on October 30, 1968) and the filing of its answer and counterclaims.[9]

■ In Fleischmann Distilling Corp. v. Maier Brewing Co., 386 U.S. 714, 717–719, 87 S.Ct. 1404, 18 L.Ed.2d 475 (1967) the United States Supreme Court traced the long-standing American practice of refusing to grant attorney's fees in the absence of a statute or enforceable contract therefor.[10] The Court recognized certain limited exceptions [11] to that gen-

---

7. Defendant in fact does not contend that a dismissal for lack of jurisdiction may be made pursuant to Rule 41(a)(2), F. R.Civ.P.

8. The only case this court has found where a party sought dismissal for want of jurisdiction over the subject matter of his own claim is Allstate Insurance Co. v. Valdez, 29 F.R.D. 479 (E.D.Mich.1962). There a defendant sought and obtained dismissal of his own counterclaim for lack of subject matter jurisdiction. There was no indication given as to which provision of the Federal Rules of Civil Procedure dismissal was or was not granted under. There were no terms or conditions imposed, and no express taxing of costs.

9. Defendant seeks $8,312.50 for the work (allegedly occasioned solely by virtue of Hylte Bruks presence in the action) which its attorneys have done in the instant action.

10. No such statutory or contractual basis for an award of attorney's fees as a taxable cost is present here.

11. Admiralty plaintiffs may in appropriate circumstances be awarded counsel fees as an item of compensatory damages. In civil contempt occasioned by wilful disobedience of a court order attorney's fees may be awarded as part of the fine levied. Allowance may also be had where a plaintiff traced or created a common fund for the benefit of others as well as himself, or where the *stare decisis* effect of the judgment obtained by the plaintiff established as a matter of law the right of a discernible class of persons to collect upon similar claims. Fleischmann Distilling Corp. v. Maier Brewing Co., *supra* at 718–719, 87 S.Ct. 1404, 18 L. Ed.2d 475. Additionally, the Supreme Court has on an earlier occasion stated that "if the court finds after a proper

eral rule, none of which have any application to this case.

As our Court of Appeals noted in Fleischer v. Paramount Pictures Corp., 329 F.2d 424, 426 (2d Cir. 1964):

> "American courts have traditionally refused to include counsel fees in a losing party's bill of costs, except in the most extraordinary of instances, and have virtually never awarded such fees in an action at law."

See generally, Farmer v. Arabian American Oil Co., 379 U.S. 227, 235, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964); Cohen v. Lovitz, 255 F.Supp. 302, 306 (D.D.C. 1966).

■ This is a case in which, near the outset, one of two closely-related plaintiffs has noticed and acknowledged its own lack of jurisdiction; no indication here exists of fraud or trickery practiced upon this Court or upon the defendant. Although 28 U.S.C. § 1919 permits the taxing of *just* costs,[12] which may be seen as somewhat enhancing this Court's discretion to tax extraordinary items of costs such as attorney's fees, see American Hawaiian Ventures, Inc. v. M.V.J. Latuharhary, 257 F.Supp. 622, 632 (D.N.J.1966), the circumstances of this case do not warrant the exercise of such discretion.

#### Conclusion

Accordingly, plaintiffs' motion to dismiss Hylte Bruks' claims for want of jurisdiction is granted. Treating defendant's request for terms and conditions as a request for an award of counsel fees pursuant to 28 U.S.C. § 1919, that request is nevertheless denied. Should defendant have incurred any non-extraordinary taxable costs as a result

of Hylte Bruks' presence in this law suit, such costs are granted defendant.

This shall be considered an order; settlement thereof is unnecessary.

So ordered.

---

hearing that fraud has been practiced upon it, or that the very temple of justice has been defiled, the entire cost of the proceedings could justly be assessed against the guilty parties. Such is precisely a situation where 'for dominating reasons of justice' a court may assess counsel fees as part of the taxable costs." Universal Oil Products Co. v. Root Refining Co., 328 U.S. 575, 580, 66 S.Ct. 1176, 1179, 90 L.Ed. 1447 (1946).

12. As opposed to the specifically designated statutory costs permitted by 28 U.S.C. §§ 1920 and 1923.