Henry L. WALTHER, Plaintiff,

v.

Congressman Max BAUCUS and Baucus '78 Committee, Defendants.

No. CV 78–88–M.

United States District Court,
D. Montana,
Missoula Division.

March 20, 1979.

Henry L. Walther, pro se.

Jon E. Ellingson, Missoula, Mont., for defendants.

## OPINION AND ORDER

RUSSELL E. SMITH, District Judge.

The Fair Election Campaign Act (2 U.S.C. §§ 431–455) (Act) limits the amounts of contributions which may be made to a political campaign. Plaintiff claims that the defendants Baucus and Baucus '78 Committee received excessive contributions from labor organizations for the Baucus 1978 senatorial campaign and seeks declaratory and other relief.

The Federal Election Commission (Commission), established by 2 U.S.C. § 437c, is given broad powers to supervise and enforce the Act (2 U.S.C. § 437d). The Act (2 U.S.C. § 437d(e)) provides that, with one exception, the power of the Commission to institute civil actions under 2 U.S.C. § 437d(a)(6) is the "exclusive civil remedy for the enforcement of the provisions" of the Act. The exception is contained in 2 U.S.C. § 437g(a)(9), which becomes available to a complainant only after he has filed a complaint with the Commission and that complaint has been dismissed or the Commission has failed to act on it within 90

days. Then the complainant may file what amounts to a petition for review with the District Court for the District of Columbia. If that court declares that the Commission's act in dismissing the complaint, or its failure to act, is contrary to law and directs the Commission to proceed in conformity with the court's declaration, and if the Commission fails to act within 30 days, then and only then may complainant bring "in his own name a civil action to remedy the violation involved in the original complaint." If the District Court for the District of Columbia should fail to grant the relief which the complainant requests, the complainant has no remedy in some other district court; rather the remedy is by an appeal to the court of appeals, subject to a final review by the United States Supreme Court upon certiorari. 2 U.S.C. § 437g(a)(10).

In this case the complaint does not allege that there has been a compliance with 2 U.S.C. § 437g(a)(9), and it is apparent from the arguments on both sides that, while plaintiff's complaint was dismissed by the Commission, and while a petition was filed in the District Court for the District of Columbia, there has been no decision by the District of Columbia court.

Plaintiff urges that the use of the word "may" makes the provisions of 2 U.S.C. § 437g(a)(9) permissive rather than mandatory and that he has an option of filing the complaint in this court. Congress was concerned with remedy. It did provide for an exclusive civil remedy vested in the Commission, and then it created one exception. That carefully limited exception provides for a "blend of administrative and judicial enforcement powers"[1] and becomes available to complainant only when the Commission has failed to obey the directive of the District Court of the District of Columbia. What was said in connection with the interpretation of the enforcement provisions of section 717 of the Civil Rights Act of 1964 (42 U.S.C. § 2000e–16), which also used the word "may," is equally applicable here.

Under the petitioner's theory, by perverse operation of a type of Gresham's law, § 717, with its rigorous administrative exhaustion requirements and time limitations, would be driven out of currency were immediate access to the courts under other, less demanding statutes permissible.

*Brown v. General Services Administration,* 425 U.S. 820, 833, 96 S.Ct. 1961, 1968 (1976).

This is another of those cases in which a "precisely drawn, detailed statute preempts more general remedies." *Id.* at 834, 96 S.Ct. at 1968. This statute, 2 U.S.C. § 437g(a)(9), states that the conditions under which an action for the enforcement of the Fair Election Campaign Act by someone other than the Commission may be brought, and absent a compliance with those conditions, this court is without jurisdiction.

The motion to dismiss is granted without prejudice to the right of the plaintiff to bring an action if the Commission should fail within 30 days to follow the directions given in a final judgment of the District Court for the District of Columbia. The court does not here rule on other jurisdictional problems, if any, which such action might present.

---

1. *Brown v. General Services Administration,* 425 U.S. 820, 833, 96 S.Ct. 1961, 1968, 48 L.Ed.2d 402 (1976).