In re FEDERAL ELECTION CAMPAIGN
ACT LITIGATION.

WALTHER

v.

STEWART et al.

WALTHER

v.

TUCKER et al.

WALTHER

v.

HASKELL et al.

WALTHER

v.

CLARK et al.

WALTHER

v.

ROY et al.

WALTHER

v.

HUDDLESTON et al.

WALTHER

v.

HATHAWAY et al.

WALTHER

v.

BROOKE et al.

WALTHER

v.

LEVIN et al.

WALTHER

v.

FRASER et al.

WALTHER

v.

BRADLEY et al.

WALTHER

v.

PELL et al.

WALTHER

v.

REVENEL et al.

WALTHER

v.

BARNETT et al.

WALTHER

v.

CHRISTIE et al.

WALTHER

v.

MILLER et al.

WALTHER

v.

RANDOLPH et al.

M.D.L. No. 372, Misc. No. 79–0136 and
Civ. A. Nos. 79–1489 to 79–1505.

United States District Court,
District of Columbia.

Aug. 7, 1979.

Alan P. Dye, Washington, D. C., for plaintiff.

Robert F. Bauer, William R. Meyer, Washington, D. C., for defendants.

William C. Oldaker, Gen. Counsel, Charles N. Steele, Lawrence M. Noble, Asst. Gen. Counsels, Deborah E. McFarland, Washington, D. C., for the Federal Election Commission, as amicus curiae.

ORDER

CHARLES R. RICHEY, District Judge.

This case is before the Court on two motions. First, the plaintiff has filed a request for a voluntary dismissal pursuant to Fed.R.Civ.P. 41(a)(2); in addition, the defendants have filed a motion to dismiss for lack of subject matter jurisdiction. Because the Court's lack of subject matter jurisdiction is patent, the Court shall deny plaintiff's motion and dismiss this action in accordance with the defendants' request.

I.

Mr. Walther instituted these fifteen suits in the various federal districts in which the defendants reside. The defendants are all senators, former candidates for the senate, or their principal campaign committees. The thrust of Mr. Walther's complaint was that each of these individuals or organizations accepted money in violation of the Federal Election Campaign Act. In addi-

tion to suing the alleged wrongdoers, Mr. Walther also initiated an action against the Federal Election Commission ("FEC" or "the Commission"), asserting that the FEC had failed to honor its statutory obligation to investigate his allegations of impropriety. The suit against the Commission was dismissed by a prior order of this Court because the complaints which he filed with the FEC were not sufficiently compelling to merit further investigation. *See In re Federal Election Campaign Act Litigation,* 474 F.Supp. 1044 (D.D.C.1979).

II.

Subsequent to the dismissal of his suit against the Commission, Mr. Walther moved this Court for a voluntary dismissal of the remainder of his claims. The defendants oppose Mr. Walther's request. They contend that they have devoted much time and effort to this litigation and that the absence of a ruling on the merits will prejudice them. Although defendants' efforts would certainly have been for naught if Mr. Walther's motion were to be granted, the law is clear that a mere missed opportunity for a legal ruling is not sufficient prejudice to warrant the denial of a motion for voluntary dismissal. *Wainwright Securities Inc. v. Wall Street Transcript Corp.,* 80 F.R.D. 103 (S.D.N.Y.1978). Federal Rule of Civil Procedure 41(a)(2) is also clear that the granting of a motion for voluntary dismissal is entrusted to the discretion of the trial court. The factors generally considered when exercising this discretion all emphasize the potential prejudice to the defendant which would result from the premature termination of the suit. *See* 5 Moore's Federal Practice ¶ 41.05[1] (1977). This Court, however, believes that an additional consideration should be weighed—the presence of subject matter jurisdiction. Indeed, one court has declined to grant a voluntary dismissal because it lacked subject matter jurisdiction. In *Hylte Bruks Aktiebolag v. Babcock & Wilcox Co.,* 305 F.Supp. 803, 808–809 (S.D.N.Y.1969), the trial judge explained, "Having determined that this Court lacks jurisdiction over the subject matter of Hylte Bruks' claims, dismissal is mandatory and not dependent upon the mo-

tion of a party. A dismissal for want of subject matter jurisdiction may not be deemed pursuant to Rule 41(a)(2), F.R.Civ. P." If a court believes that it is without subject matter jurisdiction, it is inappropriate for that court to engage in the balancing process required by Rule 41(a)(2); dismissal is required and there is simply no discretion to be exercised. Moreover, because subject matter jurisdiction is wanting, it would also be inappropriate for the court to impose the "terms and conditions" which the rule authorizes. In fact, even though Rule 41(a)(2) permits the imposition of costs and attorneys' fees, there is a special statute regarding the payment of costs in suits dismissed for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1919 (1976). It would certainly be inconsistent with the limited deterrent effect of section 1919, title 28 United States Code, to impose the expensive conditions permitted by Rule 41(a)(2) upon a party bringing an action over which the court lacked subject matter jurisdiction. Accordingly, plaintiff's motion for voluntary dismissal shall be denied.

### III.

Finally, this Court is clearly without subject matter jurisdiction to entertain Mr. Walther's attempt at the direct enforcement of the federal election laws. The primary enforcement of the election laws is entrusted, by statute, to the Federal Election Commission, 2 U.S.C. § 437c(b)(1); private citizens are permitted to participate in that process in three ways, none of which involve direct suits against alleged violators of the law. First, an individual may submit a complaint directly to the Federal Election Commission, 2 U.S.C. § 437g(a)(1); second, if the Commission fails to act on the complaint, the private citizen may bring suit in the District Court for the District of Columbia, to review the Commission's decision, 2 U.S.C. § 437g(a)(9)(A); finally, if—and *only* if—the Commission fails to abide by a district court order requiring an investigation, the private citizen who brought the original proceeding in the federal court may initiate a civil action to enforce that court order, 2 U.S.C. § 437g(a)(9)(C). This statutory scheme creates the exclusive method for determining the role which private individ-

uals may play in the civil enforcement of the federal election laws. Like *Brown v. General Services Administration,* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976), this case involves a precisely drawn detailed statute which preempts all general remedies by providing for specific remedies. In none of the instant cases has Mr. Walther alleged that he complied with 2 U.S.C. § 437g(a)(9). Accordingly, this Court lacks jurisdiction over his complaint. *Walther v. Baucus,* 467 F.Supp. 93 (D.Mont.1979).

Upon consideration of the entire record herein, it is, by the Court, this 3rd day of August, 1979,

ORDERED, that plaintiff's motion for voluntary dismissal be, and the same hereby is, denied; and it is

FURTHER ORDERED, that the defendants' motion for dismissal be, and the same hereby is, granted; and it is

FURTHER ORDERED, that defendants' motion for the award of attorneys' fees be, and the same hereby is, denied; and it is

FURTHER ORDERED, that plaintiff's complaints, and this entire action be, and the same hereby are, dismissed, for lack of subject matter jurisdiction.