**Biner Louise STEVENSON, Plaintiff,**

v.

**MISSOURI PACIFIC RAILROAD COMPANY, Defendant.**

**No. LR–71–C–147.**

United States District Court,
E. D. Arkansas, W. D.

Sept. 21, 1971.

William Clay Brazil, Conway, Ark., for plaintiff.

Boyce R. Love, of Smith, Williams, Friday, Eldredge & Clark, Little Rock, Ark., for defendant.

## MEMORANDUM AND ORDER OF DISMISSAL

HENLEY, Chief Judge.

On motion of plaintiff, filed after issue joined, to dismiss the complaint in subject diversity case without prejudice, which motion is resisted by defendant.

The suit arises out of an automobile accident that occurred in close proximity to the tracks of the defendant, Missouri Pacific Railroad Company, in Faulkner County, Arkansas. It is the theory of the plaintiff that as she was undertaking to traverse a grade crossing in her car, one of the defendant's trains approached in such a manner that she was required to attempt to "get out of the way," and that in so doing she was caused to run into a pole on the far side of the crossing

and sustained injuries. She claims that her alleged injuries were proximately caused by negligence on the part of the train crew in failing to maintain a proper lookout and to give proper signals of the train's approach to the crossing, and on the alleged negligence of the railroad itself in failing properly to protect the crossing with warning devices or a signalman.

Plaintiff is a citizen of Arkansas; defendant is a Missouri corporation, having its principal place of business in that State; the amount demanded by plaintiff is substantially in excess of $10,000 exclusive of interest and costs.

The complaint directed solely at the Railroad was filed in the Circuit Court of Faulkner County and was timely removed to this Court. The petition for removal and defendant's answer were filed on the same day. Thus plaintiff may not dismiss without prejudice save by leave of Court and upon such terms and conditions as the Court may deem just and may prescribe. Rule 41(a) (2), Federal Rules of Civil Procedure, 28 U.S. C.A.

The case was removed and answer filed on August 6, 1971; the petition for leave to dismiss was filed twenty days later. Upon having the presence of the motion called to its attention the Court addressed a letter to counsel for the defendant inquiring as to whether the defendant objected to the dismissal. On September 9 counsel for the defendant wrote a letter to the Court stating that the defendant does object to the case being dismissed without prejudice.

In his letter counsel pointed out that the petition for leave to dismiss sets out no reason for the desired dismissal. Counsel then goes on to say that he assumes that if the case is dismissed without prejudice, plaintiff will refile in the Circuit Court but this time will join a resident defendant so as to defeat diversity and prevent a second removal.

In Kennedy v. State Farm Mutual Automobile Insurance Co., E.D.Ark., 1969, 46 F.R.D. 12, this Court had occasion to discuss Rule 41(a) (2) in some detail as applied to a situation in which a plaintiff desired to dismiss a removed case without prejudice for the avowed purpose of refiling in a State or federal court in another State.

The Court stated that it is now settled beyond question that under the Rule "a plaintiff does not have an absolute right to take a nonsuit after (the) Rule has come into play. Whether, and upon what terms and conditions a complaint may be dismissed without prejudice are matters to be decided by the District Court in the exercise of its judicial discretion. * * *" (46 F.R.D. at 14.) And the Court also said (Ibid.):

"* * * Where a dismissal without prejudice would subject the defendant to substantial legal prejudice, as contrasted to mere inconvenience or vexation incident to defending a subsequent suit, permission to so dismiss should be denied. However, ordinarily the motive of the plaintiff in seeking to dismiss is not material, and the fact that a nonsuit may give the plaintiff some tactical procedural advantage in the same or in some other forum is not grounds for refusing to allow the dismissal. * * *"

In *Kennedy* the situation was that on the merits the law of Arkansas had been settled adversely to the claim of the plaintiff. However, plaintiff's cause of action had substantial connection with the State of Georgia, and plaintiff desired to refile her suit in the courts of that State in the hope that Georgia might apply her own substantive law and reach a result contrary to that which had been reached by the Supreme Court of Arkansas. The Court concluded that to permit the nonsuit in the circumstances would subject the defendant to "substantial legal prejudice," and refused to permit the case to be dismissed, citing in that connection Home Owners' Loan Corporation v. Huffman, 8 Cir., 1943, 134 F.2d 314.

This case is not *Kennedy*. It is quite true that if the Court allows the nonsuit, plaintiff may refile in the Circuit Court and join one or more members of the train crew as defendants, and such a joinder will defeat removal if it turns out that an individual defendant properly joined is a citizen of Arkansas. But, plaintiff might have effected such a joinder in the first instance, and had she done so, defendant would have been in no position to complain.

Here there is no danger of the Circuit Court applying to the case a different body of law than would be applied by this Court; the case is at an early stage; as indicated in *Kennedy* plaintiff's motive for dismissal is ordinarily immaterial; it will not be presumed that plaintiff cannot obtain a fair trial in the Circuit Court. The Court is not persuaded that plaintiff's failure to join a local defendant originally gives the defendant a vested right to have the controversy between the parties adjudicated here.

Plaintiff's petition for leave to dismiss without prejudice will be granted on condition that plaintiff pay the costs of the removal and agrees that any discovery materials assembled up to this time may be used freely in any subsequent litigation involving the same parties and subject matter instituted either in this Court or in any other Court.

The Court will point out that if plaintiff does refile in the State Court, and if she joins a resident defendant without any substantial basis in fact and otherwise than in good faith, defendant may remove again on the basis of fraudulent joinder.

Subject to the conditions above specified, it is ordered that the motion of plaintiff for leave to dismiss the complaint herein without prejudice be, and the same hereby is, Granted, and that the complaint herein be, and the same hereby is, Dismissed without prejudice.