**Mrs. Eddie Lee WILKINSON, et al., Plaintiffs-Appellants,**

v.

**The D. M. WEATHERLY COMPANY, et al., Defendants-Appellees.**

No. 81–4098
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

Aug. 31, 1981.

Michael S. Allred, Jackson, Miss., John S. Holmes, Sr., Bradford M. Stewart, Yazoo City, Miss., for plaintiffs-appellants.

John M. Roach, Terry Levy, Jackson, Miss., for defendants-appellees.

Before GEE, GARZA and TATE, Circuit Judges.

TATE, Circuit Judge:

The sole issue raised by the plaintiffs' appeal concerns the allowance to the defendants of attorney's fees upon the dismissal of their suit upon their motion. Shortly after suit was filed, the plaintiffs discovered a lack of federal jurisdiction and were granted their motion of voluntary dismissal for want of federal jurisdiction. Finding the award to be either erroneous or an abuse of discretion in the circumstances, we vacate and disallow the award of attorney's fees.

The plaintiffs, the widow and eight children of a decedent, filed this tort suit in Mississippi federal court. The defendants named included a Georgia corporation. The basis of federal jurisdiction was diversity of citizenship. 28 U.S.C. § 1332. After suit was filed and after expedited discovery ordered on the plaintiffs' behalf had commenced, the plaintiffs' counsel discovered that one of the decedent's children was a citizen of Georgia, thereby destroying the basis for federal diversity jurisdiction. The district court granted the plaintiffs' consequent motion to dismiss without prejudice for want of federal jurisdiction, but it approved the magistrate's subsequent order that the plaintiffs pay defendants as "sanctions and costs" their attorney's fees and expenses in the amount of $1,276.20 incurred between July 24 (the presumed date that the plaintiffs' counsel discovered nondiversity) and August 1, when the answers to the discovery interrogatories were filed by the defendants.

The sole issue raised by the plaintiffs' appeal is that the district court erred in approving the award of attorney's fees.

Initially, we note some procedural confusion in the proceedings below. On approving the plaintiffs' motion for voluntary dismissal for want of federal jurisdiction, the district court referred the "question of taxable *costs*" to the magistrate. Taxable costs do not include attorney's fees. 28 U.S.C. § 1920; *Fleischmann Distilling Corporation v. Maier Brewing Co.*, 386 U.S. 714, 720–21, 87 S.Ct. 1404, 1408, 18 L.Ed.2d 475 (1967). Nevertheless, when review was sought on this ground, the district court affirmed the magistrate's award of "certain costs *and* attorney's fees."

The apparent basis (no reasons were articulated) for the award of attorney's fees was that the magistrate considered this to be based upon a motion for voluntary dismissal under Fed.R.Civ.P. 41, which permits the court to condition dismissal "upon such terms and conditions as the court deems proper." *Id.*, Rule 41(a)(2). See *Yoffe v.*

*Keller Industries,* 580 F.2d 126 (5th Cir. 1978). Indeed, the plaintiffs had initially filed their motion for voluntary dismissal as grounded upon Rule 41; but, with leave of court, they had been permitted to withdraw that motion and to file instead a motion for voluntary dismissal grounded upon their notice of the lack of federal jurisdiction. When a motion is correctly based upon this latter ground, the district court *"shall* dismiss the action," Fed.R.Civ.P. 12(h)(3): Although it may order the payment of "just *costs,"* 28 U.S.C. § 1919, such "costs" do not include attorney's fees and the district court may not condition the dismissal upon payment thereof, *Signorile v. Quaker Oats Company,* 499 F.2d 142 (7th Cir. 1974), *In re Federal Election Campaign Act Litigation,* 474 F.Supp. 1051 (D.C.), *Hylte Bruks Aktiebolag v. Babcock & Wilcox Co.,* 305 F.Supp. 803 (S.D.N.Y.), by reason of the general rule that attorney's fees are not allowable unless expressly authorized, *Fleischmann Distilling Corp. v. Maier Brewing Co., supra.*

However, as *Fleischmann* itself and *Signorile v. Quaker Oats Company* recognize, this general rule has limited exceptions that are founded on equitable considerations, so that in "extraordinary circumstances," *Signorile,* 499 F.2d at 145, attorney's fees may be awarded. See *Hall v. Cole,* 412 U.S. 1, 4–5, 93 S.Ct. 1943, 1945–46, 36 L.Ed.2d 702 (1973). The only one of the exceptional circumstances that might possibly apply here, so as to permit the award of attorney's fees under inherent equitable powers of a court, is the circumstance where the party has acted " 'in bad faith, vexatiously, or for oppressive reasons,' " *Id.,* 412 U.S. at 6, 93 S.Ct. at 1946, 36 L.Ed.2d 702; *F. D. Rich Co., Inc. v. United States for the use*

*of Industrial Lumber Co.,* 417 U.S. 116, 129, 94 S.Ct. 2157, 2165, 40 L.Ed.2d 703 (1974).

█ It is probable that, here, attorney's fees were allowed under the erroneous conclusion that a mandatory dismissal for want of federal jurisdiction could be conditioned on such terms as the court felt proper, as in usual Rule 41 discretionary *voluntary* dismissals. We doubt that the wanton and bad faith equitable exception to non-allowance of attorney's fees under a Rule 12(h)(3) dismissal was considered. The magistrate made no findings to such effect. But if the award was so grounded, it was an abuse of what equitable discretion the court may have had.

The apparent basis of the award of attorney's fees, based solely upon the simple facts shown by the respective affidavits was that, if the plaintiffs had notified the court of their discovery of possible lack of federal jurisdiction on July 24 (the date they filed a safeguarding state suit, in the face of a soon-impending (August 8) time-bar), the defendants would have been saved certain attorney's expenses incurred in the week between that date and August 1, a week later. This was the date that the defendant filed its answers to the expedited discovery interrogatories, as ordered by the district court on July 12, the date the plaintiffs filed suit. The affidavits do not disclose the wantonly vexatious bad-faith required for the equitable allowance of attorney's fees in exceptional instances. The facts do not, for instance, show any deliberate or intentional misuse of federal jurisdiction, and the slight delay in informing the defendant can under the record at worst be described as negligent procrastination.[1] See, e.g., *Signorile v. Quaker Oats Company, supra,* 499 F.2d at 145–56.[2]

---

1. The affidavits do not preclude that the plaintiffs' counsel's doubt of diversity, because of the possible change of state citizenship on one of the eight children, did not ripen into certainty until later. The conservatory state suit, with time-bar approaching within two weeks, would be consistent with prudent practice in case of doubt.

2. In *Signorile,* the plaintiffs were denied attorney's fees for prosecution of a diversity action during the ten months it took for the defendant to recognize that it had incorrectly initially admitted to a diversity-conferring principal of business, as corrected by its belated motion to dismiss for want of diversity jurisdiction based upon its actual diversity-defeating principal place of business.

Accordingly, for the reasons noted, we VACATE and disallow the award to the defendant of attorney's fees.