**Leonard SOX, as Administrator of the Estate of Mark L. Sox, Plaintiff,**

**v.**

**ESTES EXPRESS LINES, Defendant.**

**Civ. A. No. 80–1022–14.**

United States District Court,
D. South Carolina,
Columbia Division.

Oct. 29, 1981.

W. Lisa B. Rakowsky, Lexington, S. C., Kermit S. King, Thomas W. Vernon, Columbia, S. C., for plaintiff.

Hoover C. Blanton, Columbia, S. C., for Estes Express Lines.

John C. B. Smith, Columbia, S. C., for South Carolina Elec. and Gas.

**72**

S. Jahue Moore, West Columbia, S. C., for H. Walter Hendrix, III, etc.

## ORDER

WILKINS, District Judge.

This wrongful death action is before the Court upon motion of Plaintiff for voluntary dismissal without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. The case was initially filed against Estes Express Lines and one, Walter Hendrix, in the Court of Common Pleas for Lexington County on May 12, 1980. The record shows that on May 28, 1980, Defendant Estes removed the action to the United States District Court on the grounds that diversity of citizenship existed between Plaintiff and Defendant Estes. No diversity existed between Plaintiff and Defendant Hendrix. However, Hendrix was subsequently released from the action by Order of The Honorable Robert F. Chapman. This case was then assigned to this Court upon Judge Chapman's elevation to the Fourth Circuit Court of Appeals.

Plaintiff now seeks voluntary dismissal so that he may reinstitute his action against Defendant Estes in state court and join one, John Henderson, as a Co-Defendant. Henderson should have been joined initially and would have prevented removal.

Defendant bases his opposition to Plaintiff's motion primarily on the speculative grounds that Defendant would not be able to get a fair trial in Lexington County because of the Plaintiff's deceased popularity in that county. Defendant also asserts that the granting of this motion would further delay this litigation.

## CONCLUSIONS OF LAW

Under Rule 41(a)(2), a plaintiff may take a voluntary nonsuit only "upon order of the Court and upon such terms and conditions as the Court deems proper." Although this Rule has been said to place the issuance of an Order granting voluntary dismissal within the discretion of the Court, this does not mean the Court has unrestricted authority in this area. 9 Wright & Miller, Federal Practice and Procedure § 2364 (1971). The purpose of Rule 41(a)(2) is primarily to prevent the unfair use of voluntary dismissals which cause prejudice to defendants. *Id.* Where no legal prejudice can be shown, the plaintiff has a right to voluntary dismissal. In *Eaddy v. Little*, 234 F.Supp. 377, 379 (E.D.S.C.1964), the Court stated: "A plaintiff generally has the right to voluntary dismissal, upon the payment of the defendant's costs, unless it appears that the defendant would suffer from plain legal prejudice other than the mere prospect of a second lawsuit."

There is no indication that voluntary dismissal would cause Defendant to suffer "plain legal prejudice." The mere fact that Plaintiff intends to renew this action in state court is not a sufficient reason to deny dismissal. *Eaddy v. Little*, 234 F.Supp. at 377; *Stevenson v. Missouri Pac. R. Co.*, 53 F.R.D. 184 (D.C.Ark.1971). Also, it is clear that Defendant's fear that he would not receive a fair trial in Lexington County is not relevant as to the issue of federal subject matter jurisdiction. Such problems can be, upon a proper showing in state court, eliminated by a change of venue. Even if a change of venue is not allowed, Defendant is in no worse position with regard to the local popularity of Plaintiff's deceased than he would have been had Plaintiff either sought dismissal earlier or joined Henderson in the beginning. The granting of this motion and ensuing delay will not affect Defendant's position.

This does not mean the Court does not find Plaintiff's delay in making the motion troublesome. However, Defendant shows no substantial harm as a result of the delay other than the mere delay itself. The harm which further delay in setting a trial date may cause Defendant must be balanced against other considerations. The Court cannot ignore the fact that the party which Plaintiff now wishes to join as a Co-Defendant is a legitimate party to this lawsuit. If Plaintiff's motion for dismissal is denied, Plaintiff would be faced with having to sue Defendant Estes in federal court and Henderson in state court. Given the

fact that both actions arise from a common nucleus of operative facts, it is not consistent with the policy of judicial economy to require separate suits.

The Court recognizes that Defendant has suffered unnecessary expense and inconvenience due to Plaintiff's failure to seek dismissal sooner. However, this problem can be largely remedied without preventing dismissal. *See Stevenson v. Missouri Pac. R. Co.*, 53 F.R.D. at 184. It is clear that Defendant should not bear the expense for the portion of this lawsuit which has occurred in federal court, to the extent that these expenses are greater than that which would have accrued in state court. Therefore, dismissal should be conditioned upon Plaintiff paying Defendant's costs to the extent to which they are greater than they would have been had removal never been sought. *Id.* Also, discovery materials assembled in federal court should be freely available for use in any subsequent litigation between the parties in state court. *Id.*

For the above reasons, Plaintiff's motion for voluntary dismissal without prejudice is granted. Defendant's extra costs in federal court, above the costs he would have had in state court, are $650.00.

IT IS HEREBY ORDERED that Defendant is awarded costs in the sum of Six Hundred Fifty & no/100 ($650.00) Dollars to be paid by Plaintiff within thirty (30) days of the date of this Order.

IT IS FURTHER ORDERED that all discovery materials assembled by the parties in federal court be made freely available for use in any subsequent litigation between the parties.

AND IT IS SO ORDERED.