**Jeffrey MOLDOVAN and Julie Moldovan, his wife, Plaintiffs,**

v.

**REMINGTON ARMS COMPANY, INC., a foreign corporation, Defendant.**

**No. 86–6353–Civ.**

United States District Court,
S.D. Florida,
Miami Division.

Dec. 1, 1986.

Weaver, Weaver, Lardin & Liroff, ·P.A., Ft. Lauderdale, Fla., for plaintiffs.

Smalbein, Eubank, Johnson, Rosier & Bussey, P.A., Orlando, Fla., for defendant.

## ORDER GRANTING MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE

JAMES LAWRENCE KING, Chief Judge.

This cause comes before the court on the plaintiffs' motion to voluntarily dismiss this action without prejudice, pursuant to Fed. R.Civ.P. 41(a)(2).

■ A voluntary dismissal without prejudice should be granted in most cases, unless the defendant will suffer legal prejudice. *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir.1976). "(W)e follow the traditional principle that dismissal should be allowed unless the defendant will suffer some plain legal prejudice *other than the mere prospect of a second lawsuit.* It is no bar to dismissal that plaintiff may obtain some tactical advantage thereby. (Emphasis in original)." *Id., quoting Holiday Queen Land Corp. v. Baker*, 489 F.2d 1031, 1032 (5th Cir.1974).

The Moldovans filed their motion for voluntary dismissal in the wake of a motion for summary judgment by Remington Arms Company. The basis of the Remington motion is that the Moldovans' action is barred by Fla.Stat. § 95.031(2), a statute of repose that requires products liability actions to be brought within 12 years of the product's delivery. The parties agree that the statute was in effect when this action was filed and that if it is applied, it will defeat the plaintiffs' claim.

■ The Moldovans note, however, that the Florida legislature has amended Fla. Stat. § 95.031(2), and as of July 1, 1986,

there has been no applicable statute of repose. If they were granted a voluntary dismissal without prejudice, the Moldovans could file a second action which would not be time barred. The issue before the court is whether Remington's loss of the statute of repose defense is the type of prejudice that precludes the voluntary dismissal of this action.

In *Germain v. Semco Service Machine Co.*, 79 F.R.D. 85 (S.D.N.Y.1978), the court held that Rule 41(a)(2) "contemplates consideration of prejudice that defendant will incur due to duplication of effort" that would be necessary if the action were refiled. The further the case has proceeded, the greater the prejudice to the defendant. The court in *Germain* granted a voluntary dismissal to allow the plaintiff to file in a jurisdiction with a longer statute of limitations. Clearly, this affected the ability of the defendant to raise a statute of limitations defense. In *Foster v. Daon Corp.*, 713 F.2d 148 (5th Cir.1983), the court likewise concluded that loss of a defense did not constitute legal prejudice that would preclude a voluntary dismissal. In *Foster*, the court reversed the denial of a voluntary dismissal without prejudice. The plaintiff had sought the dismissal for the purpose of curing a defect in her complaint, and the effect was to deprive the defendant of a defense that otherwise would have been available.

As *Germain* and *Foster* illustrate, the prejudice Remington claims in this case— loss of its statute of repose defense—is not the type of prejudice contemplated by the limitation on Rule 41(a)(2) dismissals.

Accordingly, upon the plaintiffs' motion, and upon the court being fully advised, it is

ORDERED AND ADJUDGED that the motion for voluntary dismissal without prejudice be, and the same is, GRANTED.