Jarinda Smith **WEICHMAN, Administratrix to the Estate of Carl Vernon Smith, Sr., Deceased, and of the Estate of Jeanene W. Smith, Deceased, Plaintiff,**

v.

**NORTHEAST INNS OF MERIDIAN, INC.; Holiday Inns, Inc.; Amoco Oil Company; Junior Food Stores, Inc., d/b/a Superstop; and Meridian Pizza Hut Number 2, Defendants.**

**Civ. A. No. E88–0038(L).**

United States District Court, S.D. Mississippi, E.D.

Jan. 20, 1989.

Tom Dutton, W. Lee Pittman, Pittman, Hoods, Marsh, Dutton & Hollis, P.C., Birmingham, Ala., for plaintiff.

Lewis W. Bell, James A. Becker, Jr., Watkins & Eager, Jackson, Miss., for Amoco Oil Co.

Thomas W. Tyner, Aultman, Tyner, McNeese & Ruffin, Hattiesburg, Miss., for Northeast Inns.

Arlo Temple, Meridian, Miss., for Junior Food Stores, Inc.

## ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of plaintiff Jarinda Smith Weichman, Administratrix of the Estate of Carl Vernon Smith, Sr., deceased, and of the Estate of Jeanene W. Smith, deceased, for dismissal without prejudice, ostensibly pursuant to Federal Rule of Civil Procedure 41(a)(2). As her reason for seeking dismissal, plaintiff, a resident of Alabama, asserts that she failed to name as a party defendant Michael Alan Thomson, also an Alabama resident. She contends that Thomson is an indispensable party to this action under Rule 19 of the Federal Rules of Civil Procedure and since joinder of Thomson as a defendant would destroy diversity and leave the court without jurisdiction, plaintiff seeks dismissal for what is, in essence, a lack of subject matter jurisdiction.[1] In response to plaintiff's motion, defendants concede that Thomson is an indispensable party whose joinder would deprive the court of jurisdiction yet urge that the court should dismiss this case *with* prejudice. Alternatively and consistent with the authority granted the court by Rule 41(a)(2), defendants request that the court dismiss this action *without* prejudice upon the condition that plaintiff pay all expenses, including attorney's fees, incurred by defendants in this case should plaintiff at a later date refile suit against these defendants based upon the occurrence giving rise to the present action.

While Rule 41(a)(2) does grant the court authority to allow voluntary dismissal upon "such terms and conditions as the court deems proper[,]" a dismissal for want of subject matter jurisdiction may not be deemed pursuant to Rule 41 and cannot be made contingent on fulfillment of terms and conditions which the court deems appropriate. *Hylte Bruks Aktiebolag v. Babcock & Wilcox Co.*, 305 F.Supp. 803 (S.D.N.

---

1. Plaintiff's decedents were killed when an automobile being operated by Thomson collided with the vehicle occupied by plaintiff's decedents. At the time of the collision, Thomson was intoxicated. The defendants named in this lawsuit are alleged to have served alcoholic beverages to Thomson on the day of the accident.

Y.1969) (*cited in Wilkinson v. D.M. Weatherly Co.*, 655 F.2d 47, 49 (5th Cir. 1981). In *Wilkinson*, the plaintiffs, shortly after suit was filed, discovered a lack of federal jurisdiction; one of the plaintiffs was a Georgia resident as was one of the defendants. Upon motion by plaintiffs for voluntary dismissal for lack of federal jurisdiction, the district court ordered dismissal without prejudice, but directed that plaintiffs pay defendants their attorney's fees and expenses. On appeal, the Fifth Circuit reversed the award of attorney's fees, stating as follows:

> The apparent basis ... for the award of attorney's fees was that the [district court] considered this to be based upon a motion for voluntary dismissal under Fed.R.Civ.P. 41, which permits the court to condition dismissal "upon such terms and conditions as the court deems proper." ... Indeed, the plaintiffs had initially filed their motion for voluntary dismissal as grounded upon Rule 41; but, with leave of court, they had been permitted to withdraw that motion and to file instead a motion for voluntary dismissal grounded upon their notice of the lack of federal jurisdiction. When a motion is correctly based upon this latter ground, the district court "*shall* dismiss the action," Fed.R.Civ.P. 12(h)(3): Although it may order the payment of "just *costs*," 28 U.S.C. § 1919, such "costs" do not include attorney's fees and the district court may not condition the dismissal upon payment thereof ... by reason of the general rule that attorney's fees are not allowable unless expressly authorized....

*Wilkinson*, 655 F.2d at 48–49 (citations omitted). The court concluded that the district court's award of attorney's fees was based on an "erroneous conclusion that a mandatory dismissal for want of federal jurisdiction could be conditioned on such terms and conditions as the court felt proper, as in the usual Rule 41 *voluntary* dismissals." *Id.*

■ In the case at bar, although plaintiff in her motion purports to seek dismissal pursuant to Rule 41(a)(2), that is, a *voluntary* dismissal, the basis for that motion is a lack of subject matter jurisdiction resulting from plaintiff's failure to join a nondiverse indispensable party. In *Jett v. Zink*, 362 F.2d 723 (5th Cir.1966), *cert. denied*, 385 U.S. 987, 87 S.Ct. 600, 17 L.Ed. 2d 448 (1966), the Fifth Circuit explained that in diversity cases, the question of indispensable parties is inherent in the issue of federal jurisdiction; indispensable parties must be joined even though to do so destroys complete diversity of citizenship of the parties and ousts the federal court of jurisdiction. Thus, accepting the parties' characterization of Thomson as an indispensable party, the court may not proceed in his absence. Dismissal would be required to be ordered and the court would no longer enjoy jurisdiction over this cause. Accordingly, in the court's opinion, it follows that plaintiff's motion is more appropriately or "correctly" treated as one to dismiss for lack of subject matter jurisdiction and not simply a motion for Rule 41 voluntary dismissal. And, as the court in *Wilkinson* concluded, while the court may order payment by plaintiff of "just costs" pursuant to 28 U.S.C. § 1919 under these circumstances, the dismissal may not be conditioned upon payment of attorney's fees.

■ As recognized by the court in *Wilkinson*, in limited "extraordinary circumstances," attorney's fees may be awarded under the inherent equitable powers of a court such as where the party has acted "in bad faith, vexatiously, or for oppressive reasons." *Wilkinson*, 655 F.2d at 49 (quoting *Hall v. Cole*, 412 U.S. 1, 2–6, 93 S.Ct. 1943, 1944–1947, 36 L.Ed.2d 702 (1973)). And in the case *sub judice*, there is an assertion by defendants that plaintiff's attempt to invoke the diversity jurisdiction of this court by omitting a nondiverse indispensable party was frivolous, vexatious and in bad faith. With this contention, however, the court cannot agree. There is nothing to indicate that plaintiff deliberately attempted to misuse federal jurisdiction in her having failed to name Thomson as a defendant. It may have been a negligent omission or it may have been based upon an erroneous judgment by plaintiff as to the necessity of joinder of that defendant.

But, faced with nothing more that the plaintiff's mere failure to name that defendant, to attribute to plaintiff the "wantonly vexatious bad-faith required for the equitable allowance of attorney's fees in exceptional circumstances," *Wilkinson,* 655 F.2d at 49, would require undue cynicism by this court. Moreover, it is worth noting that defendants were not precluded from seeking dismissal, just as plaintiff ultimately did, early in the proceedings; their awareness of Thomson's role in the underlying occurrence was or should have been no less keen than plaintiff's.

Finally, the court would observe that even if the court were to view plaintiff's motion as the "usual" Rule 41 voluntary dismissal motion, the court would nevertheless not be inclined to condition dismissal by plaintiff on her payment of defendants' attorney's fees. The court is not satisfied that defendants have suffered such prejudice as would justify that result.

Accordingly, based on the foregoing, the court is of the opinion and so finds that plaintiff's motion for dismissal without prejudice is granted with costs of defendants to be borne by plaintiff.