Sherri **SHORTT**, Plaintiff,

v.

**RICHLANDS MALL ASSOCIATES, INC., et al., Defendants.**

**Civ. A. No. 88–0191–A.**

United States District Court, W.D. Virginia, Abingdon Division.

March 8, 1990.

James B. Lees, Jr., Charleston, W.Va., Judy T. Gillespie, Cedar Bluff, Va., for plaintiff.

William W. Eskridge, Abingdon, Va., for defendants.

### MEMORANDUM OPINION

GLEN M. WILLIAMS, Senior District Judge.

This matter comes before the court on the motions of both the plaintiff and the defendants. The plaintiff has moved for voluntary dismissal of the case under Rule 41(a)(2) of the Federal Rules of Civil Procedure. The defendants have moved to dismiss the case for lack of subject matter jurisdiction. The defendants contend, moreover, that the court must rule on their motion before the court can grant the plaintiff's motion.

The case concerns an accident which occurred in the parking lot of the Richlands Mall. Sherri Shortt, the plaintiff, was struck by an automobile in the parking lot on July 12, 1986. Shortt filed a complaint with this court on July 7, 1988,[1] naming two corporate defendants. One of the defendants, Richlands Mall Associates, Inc. ("the Corporation") is incorporated under the laws of Georgia. The complaint includes the allegation that this court has jurisdiction under 28 U.S.C. § 1332.

The defendants have filed a motion to dismiss this case, as they contend that there is a lack of total diversity of citizenship between the two sides. They argue that the Corporation maintains its principal place of business in Virginia. *See* 28 U.S.C. § 1332(c). The plaintiff is a citizen of Virginia. Consequently, the defendants conclude, diversity of citizenship is lacking as between the plaintiff and the Corporation.

Prior to institution of the present suit, the Corporation was a defendant in another action before this court, styled *Ray v. Richlands Mall Associates, et al.*, No. 86–0322–A. The plaintiff in *Ray* commenced her action in state court. In December of 1986, the Corporation and its co-defendant filed a petition for removal of the case to this court, claiming that there was diversity of citizenship between the parties.

Like the present plaintiff, Ray was a citizen of Virginia. As to the Corporation, the defendants' petition recited that "petitioner Richlands Mall Associates, Inc., is a citizen and resident of the State of Georgia, being incorporated under the laws of the State of Georgia and having its principal place of business in Atlanta, Georgia." *See* Petition for Removal, Exhibit B to the Memorandum in Support of Plaintiff's Re-

---

1. Under Virginia law, a two-year statute of limitations applies to personal injuries. *See* Va. Code § 8.01–243.

sponse to Motion to Dismiss at 2. The petition for removal was granted by this court's Order of December 5, 1986. Subsequently, the case was settled.

The defendants filed their motion to dismiss this case in March of 1989. The plaintiff responded to the motion, and a hearing was held in June. Subsequent to the hearing, the court entered an order by which it postponed any ruling on the issue of jurisdiction to allow the plaintiff additional time for discovery. The plaintiff's counsel did not respond with any additional discovery requests prior to February of 1990.

Instead, plaintiff's counsel informed the court by letter in November that they wanted to dismiss the case without prejudice under Rule 41 and that the defendants would not agree to a stipulation for dismissal under Rule 41(a)(1)(ii). The court will treat this request as a motion for dismissal under Rule 41(a)(2). In their own series of letters, the defendants have submitted arguments to the effect that the court cannot grant the plaintiff's motion without first ruling on the issue of jurisdiction.

Consequently, the court must address the preliminary question of whether it may consider the plaintiff's motion before deciding the issue of subject matter jurisdiction. The choice is not between two types of dismissal, but between two lines of inquiry. The court has not previously concluded

that dismissal of either type would be proper.

In three reported cases, courts confronted with this choice have decided to pursue the jurisdictional question first. *See Watson v. Clark,* 716 F.Supp. 1354 (D.Nev. 1989); *In re Federal Election Campaign Act Litigation,* 474 F.Supp. 1051 (D.D.C. 1974); *Hylte Bruks Aktiebolag v. Babcock & Willcox Co.,* 305 F.Supp. 803 (S.D.N.Y. 1969). By contrast, in *Puerto Rico Maritime Shipping Authority v. Leith,* 668 F.2d 46 (1st Cir.1981), the Court of Appeals upheld the district court's decision to grant the plaintiff's motion for voluntary dismissal and avoid ruling on the issue of subject matter jurisdiction. *Id.* at 50 n. 4.[2] The court has been unable to find any other reported cases which dealt expressly with this issue.[3]

The court is aware, however, of other related applications of Rule 41 dismissal in diversity cases. Some courts have allowed plaintiffs to use Rule 41 to obtain complete diversity by the dismissal of an action as to a non-diverse party.[4] Following these cases, this court could allow the plaintiff to dismiss its case against the Corporation. In addition, courts have allowed plaintiffs to use Rule 41 to dismiss federal court proceedings as to allow the plaintiffs to implead a necessary, non-diverse party in subsequent state court proceedings.[5] Again, following these cases, the court

---

2. In *Leith,* the only alleged basis for jurisdiction was 28 U.S.C. § 1333, which gives the district courts subject matter jurisdiction over admiralty cases.

3. In an unpublished opinion available on Westlaw, a district court "expressed scepticism over the sufficiency of the amount in controversy, and offered plaintiff an opportunity to voluntarily dismiss the case and proceed in state court." *Lakeshore Machinery, Inc. v. General Numeric,* No. 83–C–2069, 1986 W.L. 3006 (N.D.Ill. March 3, 1986). The court proceeded to rule on the issue of subject matter jurisdiction after the plaintiff balked at the court's terms for dismissal.

4. *E.g., Carson v. Allied News Co.,* 529 F.2d 206, 208 (7th Cir.1976) (relating that after court of appeals concluded there was not complete diversity, on remand the plaintiff obtained Rule 41(a)(2) dismissal as to the non-diverse defen-

dants); *Leroux v. Lomas & Nettleton Co.,* 626 F.Supp. 962, 965–67 (D.Mass.1986) (dismissal under Rule 41(a)(1)(i)); *Brown v. Texas and Pacific Railroad Co.,* 392 F.Supp. 1120, 1123–24 (W.D.La.1975) (dismissal proper where non-diverse party is not indispensable under Rule 19); *Graphic Realty & Discount Co. v. Home Fire & Marine Ins. Co.,* 193 F.Supp. 421, 422 (D.Mass. 1961).

5. *E.g., Conafay v. Wyeth Laboratories,* 793 F.2d 350, 352–53 (D.C.Cir.1986); *Weichman v. Northeast Inns of Meridian, Inc.,* 125 F.R.D. 139, 141 (S.D.Miss.1989); *O'Reilly v. R.W. Harmon & Sons, Inc.,* 124 F.R.D. 639 (W.D.Mo.1989); *Sox v. Estes Express Lines,* 92 F.R.D. 71, 72 (D.S.C. 1981); *Galva Union Elevator Co. v. Chicago and North Western Transportation Co.,* 498 F.Supp. 26, 27 (N.D.Iowa 1980); *Stevenson v. Missouri Pacific Railroad Co.,* 53 F.R.D. 184, 185–86 (E.D. Ark.1971); *Culverhouse v. Biehl & Co.,* 24 F.R.D. 198, 199 (S.D.Tex.1959).

could grant the plaintiff's motion to allow the plaintiff to proceed against the Corporation in state court.

Among the latter set of cases, *Conafay v. Wyeth Laboratories,* 793 F.2d 350 (D.C. Cir.1986) is particularly instructive. In that case, a parent filed suit on behalf of his child against a drug manufacturer. In the course of discovery, the plaintiff concluded that the child's pediatrician should be joined as a defendant. Accordingly, the plaintiff sought dismissal of his diversity action under Rule 41(a)(2) so that he could pursue his claims against the manufacturer and the pediatrician, a non-diverse party, in state court. The district court denied the plaintiff's motion and the court of appeals reversed. *Id.* at 352–53.

■ From these two lines of authority, the court observes that an allegation of jurisdictional defects does not inevitably preclude consideration of a motion for voluntary dismissal. To the contrary, courts have allowed voluntary dismissal in these diversity cases as a means to remedy problems of subject matter jurisdiction. In view of these cases, the court concludes not only that a suggestion that the court lacks diversity jurisdiction does not preclude consideration of a Rule 41(a)(2) motion but also that jurisdictional problems may justify such a motion.

Similarly, in this case, the court is mindful that the jurisdictional problem concerns only the lack of diversity between the plaintiff and the Corporation. The plaintiff has offered a satisfactory account of her selection of this forum. In the course of the proceedings, however, the defendants have brought forth facts which cast some doubt on whether the diversity requirement can be met in this case. In response, the plaintiff has moved for dismissal so that she may proceed in state court. *Conafay* sug-gests that this court would abuse its discretion by not allowing the plaintiff to dismiss the case and proceed against both defendants in state court.

■ Accordingly, the court will proceed to consider the merits of the plaintiff's motion. The potential lack of subject matter jurisdiction does not preclude the court from considering whether it should allow the plaintiff a voluntary dismissal. The court's discretion in considering the plaintiff's motion is not, however, unlimited.

■ In considering a Rule 41(a)(2) motion, the court's task is to balance the equities and consider whether voluntary dismissal would inflict undue hardship on the defendant. In this case, whether or not this court has proper jurisdiction, the plaintiff has reasonably relied in choosing this forum on the Corporation's own representations to the court. She should not be made to suffer for that reliance. The court does not suggest any lack of good faith on the part of the Corporation or its counsel in allowing this conflict to develop among the statements the court has received concerning the location of the Corporation's principal place of business. Nevertheless, the balance of the equities in this case is decidedly in favor of the plaintiff, as the Corporation should not be able to profit from its own mistake at the expense of the present plaintiff whose reliance was reasonable.

Apart from the loss of the limitations defense,[6] the only prejudice which the defendants would suffer if the court were to grant the plaintiff's motion would be the waste of time and effort in contesting the jurisdiction issue. Significantly, the defendants have conducted virtually no discovery and have not filed a motion for summary judgment. The dispute over jur-

---

6. Critical to the court's analysis is the limitations law of Virginia. This court and others applying Virginia law have held that a "voluntary dismissal" under Rule 41(a) is equivalent to a "voluntary nonsuit" for the purposes of Va. Code § 8.01–229 E 3. *See, e.g., Yarber v. Allstate Ins. Co.,* 674 F.2d 232 (4th Cir.1982); *Ambrose Branch Coal Co., Inc. v. Tankersley,* 106 B.R. 462 (W.D.Va.1989); *Sherman v. Hercules,* 636 F.Supp. 305 (W.D.Va.1986). Should the court allow the plaintiff's motion, then under section 8.01–229 E 3 she would have an additional six months within which to refile in state court. By contrast, the tolling statute for nonsuits might not apply if the court were to proceed to dismiss the case on jurisdictional grounds. *Cf. Ambrose Branch,* 106 B.R. at 467 (discussing the importance of the word "voluntary" in section 8.01–229 E 3).

isdiction, moreover, can be seen as the cost of the Corporation's mistake in the *Ray* case.

The court does not believe that the loss of the limitations defense, in itself, would justify the denial of the plaintiff's motion. The Virginia legislature, in adopting the Virginia limitations law, has implicitly sanctioned the imposition of this additional burden on defendants. *See supra* note 6. The plaintiff will have only six months within which to refile. Again, the court is mindful of the plaintiff's reliance on the Corporation's representations in *Ray* in choosing to file in this court.

The reported cases in which plaintiffs have sought to deprive defendants of a limitations defense are not in agreement.[7] The Court of Appeals for the Fourth Circuit has not considered the question. In *Davis v. USX Corp.*, 819 F.2d 1270 (4th Cir.1987), however, the court of appeals relied significantly on *McCants v. Ford Motor Co.*, 781 F.2d 855 (11th Cir.1986), in which "[t]he court concluded that the loss of a valid statute of limitations defense does not constitute a bar to dismissal under Rule 41(a)(2)." *Davis*, 819 F.2d at 1275 (citing *McCants*, 781 F.2d at 859). As the discussion in *Davis* suggests approval of *McCants*, this court is obliged to follow *McCants* and the other cases of like holdings. *See supra* note 7.

Accordingly, the plaintiff's motion for voluntary dismissal will be granted. In view of the fact that plaintiff relied on the representations of the Corporation in choosing this forum, the court concludes that an award of the defendants' costs accrued in contesting jurisdiction in this matter would be inappropriate. Likewise, in view of the applicable limitations law, the court believes that the imposition of any other terms or conditions limiting the

plaintiff's ability to reinstitute her claim in state court is unnecessary. An Order will issue to dismiss this case without prejudice and strike it from the docket.

---

**7.** For cases in which courts have held that the deprivation of a limitation defense was insufficient prejudice to the defendant to require denial of the plaintiff's motion for voluntary dismissal, see *McCants v. Ford Motor Co.*, 781 F.2d 855, 858–59 (11th Cir.1986); *Leith*, 668 F.2d at 50–51; *Bolten v. General Motors Corp.*, 180 F.2d 379, 382 (7th Cir.1950); *Moldovan v. Remington Arms Co.*, 113 F.R.D. 141, 142 (S.D.Fla.1986); *Germain v. Semco Service Machine Co.*, 79 F.R.D. 85, 86 (E.D.N.Y.1978); *Klar v. Firestone Tire & Rubber Co.*, 14 F.R.D. 176 (S.D.N.Y.1953). For cases in which courts reached the opposite conclusion, see *Phillips v. Illinois Central Gulf Railroad*, 874 F.2d 984, 987 (5th Cir.1989); *Placid Oil Co. v. Ashland Oil, Inc.*, 792 F.2d 1127, 1134 (Em.App.1986); *Bamdad Mechanic Co. v. United Technologies Corp.*, 109 F.R.D. 128, 131–32 (D.Del.1985); *Love v. Silas Mason Co.*, 66 F.Supp. 753, 754 (W.D.La.1946).