Leonard E. **GREENBERG** and Arnold C. Greenberg, Plaintiffs,

v.

**CENTURION INVESTMENT GROUP, INC., a Florida corporation, and Larjim Management Corp., a Florida corporation, each individually and together d/b/a Canrael Properties, a Florida general partnership; Neil Margo; Lawrence A. Gordon; B.V. Consultant, Inc., a Florida corporation; and Barnett Banks Trust Company, N.A., an association organized under the laws of the United States, as Trustee under a Trust Indenture dated October 1, 1983, Defendants.**

No. 86–6235–CIV.

United States District Court, S.D. Florida.

Jan. 4, 1993.

C. Daniel Petrie, Jr., Esler, Petrie & Salkin, Fort Lauderdale, FL, for plaintiffs.

Robert J. Winicki, Mahoney, Adams & Criser, Jacksonville, FL, for Barnett Banks, Kenneth B. Whitman, Fort Lauderdale, FL, for all defendants other than Barnett Banks.

## ORDER OF DISMISSAL

ROETTGER, Chief Judge.

THIS CAUSE is before the court upon plaintiffs' motion for voluntary dismissal without prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure. The merits of the motion were addressed at a hearing October 16, 1992.

Plaintiffs seek to dismiss this case which was remanded by the Eleventh Circuit Court of Appeals after it vacated this court's prior dismissal with prejudice based upon plaintiffs' willful noncompliance with court orders. Plaintiffs claim there is "nothing further to be gained by additional activity" herein as the matter has been tried in state court where they obtained a favorable judgment. In fact, plaintiffs have notified the court that the state court judgment was recently affirmed, *per curiam*, by Florida's Fourth District Court of Appeal.

Only Defendant Barnett Banks Trust Company, N.A. ("Barnett") has responded in opposition to the motion saying it would be severely prejudiced if the court granted the requested relief. Plaintiffs point out that Barnett was purely a nominal defendant named in only one count of the instant complaint; plaintiffs sued Barnett as a disinterested stakeholder of certain funds which it held as Trustee. Barnett did not participate in the pretrial conference, join in the defendants' *ore tenus* motion to dismiss the suit after plaintiffs failed to abide by the court's orders, pursue an award of attorney's fees or participate in the appeal before the Eleventh Circuit. Ironically, this nominal defendant now seeks to prevent plaintiffs from voluntarily terminating the case.

Apparently, Barnett distributed nearly $500,000 of funds it held as Trustee to Defendant Centurion Investment Group, Inc. ("Centurion") after this court dismissed the matter in 1988. Barnett was relying on the dismissal with prejudice as a final decision on the merits. Plaintiffs did not attempt to stay the order of dismissal pending the appeal, but they filed a second suit against Barnett in state court. Once the Eleventh Circuit vacated the dismissal, the state action proceeded to trial resulting in a judgment against Barnett for the full amount it had previously disbursed to Defendant Centurion plus interest for a sum exceeding $600,000.00. Because Centurion is now without assets, Barnett is concerned it may end up paying twice if this court does not uphold its prior decision to dismiss the case with prejudice. Barnett will attempt to set aside the state court judgment under Rule 1.540(b)(5) of the Florida Rules of Civil Procedure should this court rein-

state its prior order of dismissal with prejudice.

The court is not persuaded that Barnett will be unduly prejudiced if plaintiffs' motion for voluntary dismissal is granted. First, even if an evidentiary hearing is held on the propriety of the original dismissal in accordance with the mandate, there is no guarantee the court would find that less severe sanctions would not have sufficed. The court might not issue another order of dismissal with prejudice punishing plaintiffs for failing to follow its orders as Barnett suggests.

Second, proceeding with this case would not alter the fact that a judgment on the merits has been reached in the state court system. Even if this court reaffirmed its prior ruling and once again dismissed the suit with prejudice, this adjudication on the merits would follow the entry of the state court judgment. The court's first order of dismissal was vacated leaving the matter open for adjudication in another forum. The state court rejected Barnett's collateral estoppel and res judicata arguments on that basis. Barnett has not articulated how its interests would be protected given this scenario. Furthermore, Barnett has not set forth the legal argument, with citations of authority in support, it would make under Rule 1.540(b)(5) of the Florida Rules of Civil Procedure in its attempt to obtain relief from the state court judgment. It is unclear Barnett would prevail on these grounds even if the court entered a second order of dismissal with prejudice. Finally, in light of the state court judgment, it is doubtful plaintiffs could relitigate this matter if their motion for voluntary dismissal without prejudice is granted.

■ Because there is no stipulation for dismissal signed by all defendants, this cause cannot be terminated as a matter of right under Rule 41(a)(1). However, the court has the discretion to order a dismissal under Rule 41(a)(2) on plaintiffs' motion even without defendants' consent upon such terms and conditions as it deems just. When considering these motions, courts weigh the relevant equities seeking to insure substantial justice to all parties although they are primarily concerned with preventing potential prejudice to any defendants. 9 C. Wright & A. Miller, *Federal Practice & Procedure,* § 2364 at 164 (1971).

■ Such dismissals are generally granted unless a defendant will suffer plain legal prejudice other than the mere threat of a second lawsuit. *McCants v. Ford Motor Co.,* 781 F.2d 855, 856–57 (11th Cir.1986); *Le Compte v. Mr. Chip, Inc.,* 528 F.2d 601, 604 (5th Cir.1976); *Moldovan v. Remington Arms Co.,* 113 F.R.D. 141, 142 (S.D.Fla.1986). Courts are often troubled about the duplication of effort defendants will incur if the action is refiled. *Germain v. Semco Service Machine Co.,* 79 F.R.D. 85, 86 (E.D.N.Y.1978). The present case is atypical in that the second litigation has already taken place. In this instance, the Rule 41(a)(2) motion was filed after defendants were required to defend a parallel lawsuit. Additionally, despite the fact this action has been pending for several years, it never advanced beyond the pretrial stages. Significantly more activity transpired in the state court suit.

Barnett has simply not established it will suffer plain legal prejudice if this case is dismissed; it has not shown what substantial right it would lose by the dismissal. Regardless of the eventual outcome of this action, Barnett would have to reckon with the existing state court judgment on the matter. Moreover, plaintiffs' contention that it is pointless to proceed further herein since this suit has been fully litigated in state court has great appeal. Accordingly, it is

ORDERED AND ADJUDGED that plaintiffs' motion for voluntary dismissal without prejudice is hereby GRANTED and the Clerk of the Court shall close the file accordingly. While courts frequently require plaintiffs to pay the costs and fees defendants may have incurred in the litigation before granting such dismissals, the undersigned notes that none of the defendants requested the imposition of such a condition herein. Instead, all defendants except for Barnett asked the court to con-

sider their motion for attorney's fees that was filed in October of 1988. Therefore, it is

FURTHER ORDERED AND ADJUDGED that the court shall retain jurisdiction over this cause to decide defendants' pending motion for attorney's fees. The parties are encouraged to resolve this matter extrajudicially and shall be given 30 days from the date of this order within which to settle the dispute. Should they not be able to reach an amicable resolution, each party shall have until February 15, 1993, within which to submit any supplemental documentation or memoranda of law on the issue.

IT IS FURTHER ORDERED AND ADJUDGED that plaintiffs' motion for protective order is GRANTED in light of the court's ruling on the motion for voluntary dismissal.

DONE AND ORDERED.