# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 28, 2021

Lyle W. Cayce
Clerk

No. 20-50858

Deborah Laufer,

*Plaintiff—Appellant*,

*versus*

Mann Hospitality, L.L.C.,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:20-CV-620

Before Jones, Costa, and Duncan, *Circuit Judges*.
Stuart Kyle Duncan, *Circuit Judge*:

Deborah Laufer sued Mann Hospitality, LLC ("Mann"), owner of the Sunset Inn in Caldwell, Texas, under the Americans with Disabilities Act. *See* 42 U.S.C. § 12182. She alleges the inn's information, posted on third-party booking websites, failed to identify rooms accessible to disabled persons like her. Laufer, however, professes no definite plans to travel to the Sunset Inn or anywhere else in Texas. A Florida resident, she does not claim she has ever traveled in Texas. Nor does she allege she tried, or intends to try, to book a room at the Sunset Inn. At most, she claims that, after the coronavirus pandemic abates, she "intend[s] to travel all throughout

No. 20-50858

[Texas], . . . including Caldwell." And while grateful for her show of interest in the region, we note that Laufer has filed hundreds of identical lawsuits in federal district courts around the country.[1] She considers herself a "tester," monitoring places of public accommodation and suing to ensure their compliance with the ADA.

The district court dismissed Laufer's suit, finding no standing for want of an injury in fact.[2] We agree and affirm. However, the district court also awarded attorneys' fees to Mann under 28 U.S.C. § 1919. This was error because § 1919 authorizes "just costs" but not attorneys' fees, so we vacate the court's order to that extent and remand.

## I

We review *de novo* the district court's dismissal for lack of subject matter jurisdiction. *Campos v. United States*, 888 F.3d 724, 729 (5th Cir. 2018); *see* Fed. R. Civ. P. 12(b)(1). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction," here, Laufer. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). At the pleading stage, her "burden is to allege a plausible set of facts establishing jurisdiction." *Physician Hosps. of Am. v. Sebelius*, 691 F.3d 649, 652 (5th Cir. 2012). Where the district court rules on jurisdiction without resolving factual

---

[1] *See, e.g.*, *Laufer v. Dove Hess Holdings, LLC*, No. 5:20-CV-379, 2020 WL 7974268, at *17–18 (N.D.N.Y. Nov. 18, 2020) (noting Laufer "has filed over 500 lawsuits in at least 15 states within the last year," which are "nearly identical"); *Laufer v. Fort Meade Hosp., LLC*, No. 8:20-CV-1974, 2020 WL 6585955, at *4 n.1 (D. Md. Nov. 10, 2020) (collecting some cases).

[2] District courts have divided on whether Laufer has shown injury in fact in her many lawsuits. *Compare Laufer v. Ganesha Hosp., LLC*, No. 3:20-CV-943 (D. Conn. Mar. 25, 2021) (finding standing), *and Laufer v. Lily Pond LLC C Series*, No. 20-CV-617, 2020 WL 7768011 (W.D. Wis. Dec. 30, 2020) (same), *with Laufer v. Patel*, No. 1:20-CV-631, 2021 WL 796163 (W.D. Tex. Mar. 2, 2021) (dismissing on standing grounds), *and Laufer v. Naranda Hotels, LLC*, No. 20-2136, 2020 WL 7384726 (D. Md. Dec. 16, 2020) (same).

No. 20-50858

disputes, as here, we "consider the allegations in the plaintiff's complaint as true" and review "whether the district court's application of the law is correct." *St. Tammany Par., ex rel. Davis v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 315 (5th Cir. 2009) (citations omitted).

## II

To have standing to sue in federal court, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)), *as revised* (May 24, 2016). This case turns on the first requirement, injury in fact. "To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id.* at 1548 (quoting *Lujan*, 504 U.S. at 560) (internal quotation marks omitted).

As the Supreme Court recounted in *Spokeo*, statutes may define what injuries are legally cognizable—including intangible or previously unrecognized harms—but cannot dispense with the injury requirement altogether. *Id.* at 1549. Congress may undoubtedly "elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law." *Ibid.* (alteration in original) (quoting *Lujan*, 504 U.S. at 578). Nevertheless, "Article III standing requires a concrete injury even in the context of a statutory violation." *Ibid.* "Put differently, the deprivation of a right created by statute must be accompanied by 'some concrete interest that is affected by the deprivation.'" *Lee v. Verizon Commc'ns, Inc.*, 837 F.3d 523, 529 (5th Cir. 2016) (quoting *Spokeo*, 136 S. Ct. at 1549).

Laufer fails to show the necessary concrete interest to support standing. She alleges she cannot tell from the Sunset Inn's online reservation

systems (ORS), through which Mann markets the motel on third-party platforms, whether it has rooms that could accommodate her disabilities. But regardless whether that violates the ADA—a question we do not reach— Laufer fails to show how the alleged violation affects her in a concrete way. While she does claim to have visited the ORS, she does not claim she tried to book a room or even intended to do so. According to her declaration, she visited the sites "for the purpose of reviewing and assessing the accessible features at the hotel and ascertain[ing] whether the websites contain the information required by [ADA regulations]." As for using that information or the motel's services, though, she attests only to a general intent to visit the area someday: "I have plans to travel to Texas as soon as the Covid crisis is over and it is safe to travel. I intend to travel all throughout the State, including Aust[i]n and the surrounding towns, including Caldwell, and I need to stay in hotels when I go."

In other words, she visited the ORS to see if the motel complied with the law, and nothing more. Such allegations do not show enough of a concrete interest in Mann's accommodations to confer standing. To be sure, Laufer has a right to "the full and equal enjoyment of the . . . services, facilities . . . or accommodations of any place of public accommodation" irrespective of disability. 42 U.S.C. § 12182. But she has failed adequately to allege that her "concrete interest" in the ADA-compliance of Sunset Inn's ORS was "at risk from the purported statutory deprivation." *Lee*, 837 F.3d at 530.

Laufer's framing of her harm as an "informational injury" does not cure her lack of standing. Even assuming *arguendo* that a failure to advertise accessibility information could support an ADA claim,[3] Laufer still "would

---

[3] *See* 28 C.F.R. § 36.302(e)(1)(ii) (describing duty of places of public accommodation to "[i]dentify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit

No. 20-50858

need to allege at least that the information had 'some relevance' to *her*." *Brintley v. Aeroquip Credit Union*, 936 F.3d 489, 493 (6th Cir. 2019) (citation omitted); *see also Griffin v. Dep't of Lab. Fed. Credit Union*, 912 F.3d 649, 654 (4th Cir. 2019) ("Inability to obtain information is sufficiently concrete to constitute injury in fact only when the information has some relevance to the litigant."). Without sufficiently concrete plans to book a stay at the motel, Laufer has failed to do so.

Likewise, Laufer's assumed status as an "ADA tester" does not absolve her of the need to show an injury in fact for standing purposes.[4] Laufer's case differs from the Supreme Court's seminal "tester" case, *Havens Realty*, where a tester plaintiff was "the object of a misrepresentation made unlawful under § 804(d)" of the Fair Housing Act. *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373 (1982).[5] There, the "information" had "some relevance" to the tester, *cf. Griffin*, 912 F.3d at 654, because the statute forbade misrepresenting it to "any person," quite apart from whether the tester needed it for some other purpose. Laufer cannot say the same here.

In sum, the district court correctly dismissed Laufer's complaint for lack of subject-matter jurisdiction.

---

individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs").

[4] *See Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1334 (11th Cir. 2013) (explaining a "mere tester of ADA compliance" "also must show a real and immediate threat of future injury"); *Griffin*, 912 F.3d at 656 (noting "tester status . . . cannot create standing" absent some concrete injury); *Brintley*, 936 F.3d at 494–95 (explaining tester status did not "give[] Brintley a pass to skip the ordinary constitutional requirements to suing in federal court").

[5] *See* 42 U.S.C. § 3604(d) ("[I]t shall be unlawful . . . [t]o represent to any person because of race, color, religion, sex, handicap, familial status, or national origin that any dwelling is not available for inspection, sale, or rental when such dwelling is in fact so available.").

No. 20-50858

## III

Laufer also appeals the district court's award of attorneys' fees to Mann under 28 U.S.C. § 1919, which we review for abuse of discretion. *Iscavo Avocados USA, L.L.C. v. Pryor*, 953 F.3d 316, 319 (5th Cir. 2020). She is correct that this statute authorizes costs, which the district court also awarded, but not attorneys' fees.[6] *See Wilkinson v. D.M. Weatherly Co.*, 655 F.2d 47, 49 (5th Cir. Unit A Aug. 1981) ("Although [the district court] may order the payment of 'just costs,' 28 U.S.C. [§] 1919, such 'costs' do not include attorney's fees."). Unlike other fee-shifting statutes with explicit provisions governing fees, § 1919 references only "just costs" without mentioning attorneys' fees.[7] The district court's fee award under this statute was therefore an abuse of discretion.

To be sure, federal courts may award attorneys' fees "in the exercise of their equitable powers . . . when the interests of justice so require." *Hall v. Cole*, 412 U.S. 1, 5 (1973). The Supreme Court has recognized such awards as a "punitive" measure for litigants acting "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Ibid.* (citation omitted); *see also Williams v. Lockheed Martin Corp.*, 990 F.3d 852, 867 (5th Cir. 2021) ("When acting pursuant to its inherent powers, a court can shift attorney's fees only in a few circumstances," such as when "a litigant has engaged in bad-faith conduct or willful disobedience of a court's orders" (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 47 (1991))). But here the district court made no

---

[6] Section 1919 provides in relevant part, "Whenever any action or suit is dismissed in any district court . . . for want of jurisdiction, such court may order the payment of just costs."

[7] *Cf., e.g.*, 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."); 42 U.S.C. § 12205 ("[T]he court . . . in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs.").

No. 20-50858

such determination, finding only that fees were "appropriate." We therefore vacate the award of attorneys' fees and remand for further proceedings consistent with this opinion. We do not preclude the district court from imposing attorneys' fees on remand under another applicable rule or statute, or under the court's inherent power.

AFFIRMED in part, VACATED in part, and REMANDED.